John Ameen SAMARA, Appellant,

v.

Sonya D. SAMARA, Appellee.

No. 01–00–00494–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 26, 2001.

Rehearing Overruled July 26, 2001.

George R. Neely, Houston, for Appellant.

Joseph Indelicato, Jr., Robert S. Clark, Law Office of Robert S. Clark, Houston, for Appellee.

Panel consists of Justices COHEN, BRISTER,* and SMITH.**

## OPINION ON MOTION FOR REHEARING

COHEN, Justice.

The Court denies Daniel Lemkuil's motion for en banc rehearing, but the panel withdraws its opinion of May 31, 2001 and issues this opinion in its stead.

In this divorce case, the judge appointed a guardian ad litem and an attorney ad litem for the children. The judge then allowed the guardian to hire an attorney and assessed part of that attorney's fees against appellant, John Samara ("John"). The question is, did the trial judge have authority to allow the guardian to hire an attorney? We hold she did not. Thus, we reverse and render judgment that John not pay fees to the guardian's attorney. We affirm the judgment in all other respects.

### Facts

The trial judge initially appointed Christine Jonte as both guardian ad litem and attorney ad litem for the children. She then removed Jonte as guardian and appointed Marinelle Timmons as the new guardian ad litem. Jonte continued to serve as attorney ad litem. While Jonte was thus serving, the judge granted Timmons's motion to hire attorney Daniel Lemkuil to represent Timmons in her role as guardian ad litem.

The parties made an oral Rule 11 agreement on child support, custody, visitation, asset division, and, John alleges, debt allocation.[1] The judgment (1) awarded Lemkuil $9,650 in attorney's fees against John and (2) ordered John to pay some debts incurred by Sonya. John contends the first item above was unauthorized by law and the second was contrary to the Rule 11 agreement.

### Dismissal Motion

Lemkuil has moved for dismissal, claiming John is estopped from appealing because he (1) moved to modify child custody

---

* Justice Scott Brister, who became Chief Justice of the Fourteenth Court of Appeals on July 16, 2001, continues to sit by assignment for the disposition of this case, which was submitted on April 16, 2001.

** The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. John has not provided a reporter's record, and the clerk's record, which contains part of the oral Rule 11 agreement, omits the part allegedly involving debt allocation. John has attached to his brief what he contends is the text of that agreement on debt allocation. That document is not part of the appellate record, however; therefore, we cannot consider it. *See Till v. Thomas*, 10 S.W.3d 730, 733–34 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (courts cannot consider documents attached to briefs unless the documents are part of the appellate record).

while this appeal was pending, (2) accepted the child custody and child support award, and (3) accepted the terms of the property award.

■ John is not estopped from appealing when, as here, the relief he seeks would not affect his right to benefits he accepted in the judgment. *See Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950); *Twin City Fire Ins. Co. v. Jones,* 834 S.W.2d 114, 115 (Tex.App.—Houston [1st Dist.] 1992, writ denied). John's appeal involves attorney's fees and debt allocation, not issues regarding child support, child custody, or property division, which Lemkuil contends John has accepted. Thus, a reversal of the debt allocation and attorney's fees would not affect John's other rights under the divorce judgment.[2] We hold that John is not estopped from bringing this appeal.

Lemkuil further contends we should dismiss this appeal because John (1) has not filed a reporter's record, (2) has not complied with the original briefing schedule, (3) did not serve Lemkuil with a copy of John's motion for extension of time to file the appellant's brief, or other documents, and (4) did not attach a certificate of conference to John's motion for extension of time to file a brief, which was filed on August 17, 2000. *See* Tex.R.App. P. 10.1(a)(4), (a)(5).

■ First, failure to file a reporter's record does not justify dismissal. We must still decide the appeal based on the briefs and the clerk's record. *See* Tex. R.App. P. 37.3(c). Second, John complied with this Court's briefing schedule. Third,

John's documents filed here contain certificates of service. No evidence shows the certificates were made in bad faith. Fourth, while John did not attach a certificate of conference to his motion for extension of time to file his brief, we ordered John to file his brief by November 30, 2000, and Lemkuil never moved for reconsideration of that ruling. We decline to dismiss John's entire appeal for one procedural violation on one motion, the disposition of which Lemkuil never contested.

We deny Lemkuil's dismissal motion and also John's motion for sanctions under Tex. R.App. P. 45.

## Guardian Ad Litem

In his first and third issues, John contends the trial judge erred by (1) allowing the guardian ad litem to hire Lemkuil as her counsel and (2) requiring John to pay Lemkuil's attorney's fees. John contends that (1) Rule 173[3] does not provide for appointment of an attorney for a guardian ad litem and (2) in any event, the guardian did not need an attorney because the attorney ad litem, Jonte, was already representing the children. *See* Tex. Fam.Code Ann. § 107.011 (Vernon 1996) (attorney ad litem may be appointed "to protect the interests of the child ...."); *id.* § 107.014 (Vernon Supp.2001). We agree.

■ The judge's order allowing Timmons to hire Lemkuil had the same effect as if the judge had appointed Lemkuil to represent the children. No statute expressly allows a judge to appoint an attorney for a guardian ad litem.[4] Moreover,

---

**2.** Reversal of a contested debt allocation might affect the overall property division. In that case, acceptance of the asset division might constitute an estoppel. That is not the case here, however, because John is seeking specific performance of what he contends are terms of an agreed property division.

**3.** *See* Tex.R. Civ. P. 173.

**4.** A guardian ad litem is not a party to the suit, but (1) may "conduct an investigation to the extent that the guardian ad litem considers necessary to determine the best interest of the child for whom the guardian is appoint-

courts do not have inherent power to do so. *See Thomas v. Anderson*, 861 S.W.2d 58, 61 (Tex.App.—El Paso 1993, no writ); *see also Toles v. Toles*, 45 S.W.3d 252, 267 (Tex.App.—Dallas 2001, no pet.). If Timmons needed legal advice to protect the children's interests, she should have consulted Jonte, the attorney ad litem. If dissatisfied with Jonte, Timmons should have requested a different attorney ad litem or resigned and requested the judge to appoint an attorney as guardian ad litem. We hold that (1) the trial judge exceeded her authority by appointing Lemkuil to represent Timmons and (2) requiring John to pay Lemkuil's fees was harmful.

■ Generally, the standard of review for attorney's fees is abuse of discretion. Here, the judge had no authority to appoint Lemkuil; therefore, she had no discretion to do so. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997) (a trial court abuses its discretion if its decision is contrary to law). Even if the judge had had such discretion, the appointment of a second attorney would have been justified only by extraordinary circumstances. It is the attorney ad litem's duty to represent the children. *See* Tex. Fam.Code. Ann. § 107.014. Few children need two attorneys, one for themselves and another for

their guardian, and nothing suggests these children did.

We sustain John's first and third issues.

### Oral Rule 11 Agreement

In his second issue, John contends the trial judge erred by entering a judgment different from the oral Rule 11 agreement. John contends that agreement required Sonya to pay all debts she incurred. The judgment did not order that, however. Instead, it ordered Sonya to pay any debts she incurred "... *from and after August 1, 1998, unless express provision is made in this Decree to the contrary.*" (Emphasis added.) The judgment then made "express provision ... to the contrary," ordering John to pay Sonya's debts for (1) utilities, (2) $3,246.00 for a child's mental treatment, (3) $703 for homeowner's association dues, and (4) $909 for fire insurance.[5]

■ John's new trial motion did not mention these four debts. It stated:

[S]aid Divorce Decree seeks to impose indebtedness which should be paid by [Sonya], on [John] instead. Also, in contravention of the parties Exhibit "B" Agreement.[6]

Thus, this issue was not preserved for appellate review. *See* Tex.R.App. P. 33.1(a). Moreover, evidence that Sonya

ed"; (2) is entitled to "attend all legal proceedings in the case but may not call or question a witness unless the ad litem is a licensed attorney"; and (3) is entitled to "testify in court ... regarding the recommendations concerning the actions that the guardian ad litem considers to be in the best interest of the child...." Tex. Fam.Code Ann. §§ 107.002(a)(1), (c)(4), (c)(6) (Vernon Supp. 2001). A guardian ad litem is not entitled to compensation for work that exceeds proper responsibilities. *See Marshall Investigation & Sec. Agency v. Whitaker*, 962 S.W.2d 62, 62–63 (Tex.App.—Houston [1st Dist.] 1997, no pet.); *Roark v. Mother Frances Hosp.*, 862 S.W.2d 643, 647 (Tex.App.—Tyler 1993, writ denied)

(holding a guardian ad litem who exceeds his role and assumes the duties of plaintiff's attorney is not entitled to extra compensation).

5. John also contends that these debts were discharged in bankruptcy. If so, his remedy lies in the bankruptcy court, which has the jurisdiction, expertise, and particular knowledge of John's case to enforce its order appropriately.

6. The Exhibit "B" Agreement also does not include testimony from the Rule 11 hearing specifying the debt allocation.

agreed to pay these debts is not in the appellate record. The appendix of John's brief contains Sonya's testimony regarding debt allocation from the Rule 11 hearing, but because the appendix is not part of the appellate record, we cannot consider it. *See Till v. Thomas,* 10 S.W.3d 730, 733–34 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (holding appellate courts cannot consider documents attached to briefs that do not appear in the appellate record). Without Sonya's testimony establishing the allocation of debt under the Rule 11 agreement, we cannot conclude that the agreement conflicts with the judgment.

We overrule John's second issue.

We reverse only that portion of the judgment requiring John to pay Lemkuil's attorney's fees and render judgment that Lemkuil take nothing in attorney's fees from John.[7] The judgment is otherwise affirmed.

A majority of the justices of this Court voted to deny Daniel Lenkuil's motion for en banc rehearing.

---

7. The final judgment also awarded $4,405.50 to Lemkuil against Sonya. Sonya does not appeal that award; consequently, we do not disturb it.