In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00529-CV

____________


JULIA ANN SOOKMA, Appellant


V.


JOHN AROON SOOKMA, Appellee






On Appeal from the 310th District Court 

Harris County, Texas

Trial Court Cause No. 2000-30119





O P I N I O N


 Appellant, Julia Ann Sookma (Wife), appeals pro se from a final decree of
divorce and suit affecting the parent-child relationship. In seven issues, Wife claims
the trial court abused its discretion by entering several prejudgment orders, which
included permitting Wife's attorney to withdraw and denying Wife's requests for a
continuance and to appoint a guardian ad litem for K.E.S. In addition, Wife claims
the trial court erred by denying her a jury trial and challenges the legal sufficiency of
the evidence to support the decree. We affirm.

Background


 Wife and appellee, John Aroon Sookma (Husband), were married in 1985. The
couple's only child, K.E.S, was born on June 21, 1994. The couple separated in
1998, when Wife filed for divorce in 1998 in Tarrant County, where temporary orders
for possession of K.E.S. and child support to Husband were entered. Although these
orders restricted the residence of K.E.S. to Tarrant County, Wife moved to Harris
County in summer 2000, taking K.E.S. with her. After Husband obtained possession
of K.E.S. in Harris County through a Tarrant County writ of habeas corpus, Wife
nonsuited the Tarrant County case and filed for divorce in Harris County. The trial
court entered agreed temporary orders for possession of K.E.S. on August 14, 2000
and December 21, 2000. 

 Wife appeared before the trial court with her former counsel on February 26,
2001, when the trial court granted former counsel's amended motion to withdraw. 
On the same day, the trial court granted Husband's motion to compel discovery and
for sanctions and deemed admitted Husband's request for admissions to Wife. Wife
was present pro se and received statutory warnings on March 2, 2001, when the trial
court found a serious and immediate question concerning K.E.S.'s welfare and
appointed Husband temporary managing conservator pending trial set for March 5,
2001. 

 Wife appeared pro se on March 5, 2001. Before beginning trial, the trial court
considered Husband's motion to compel and to strike Wife's pleadings as a sanction
for discovery abuse. Husband premised this motion on Wife's failure to respond to
any discovery requests, despite agreed extensions, and her failures to provide a
witness list and to appear for a rescheduled deposition. Despite granting Husband's
motion by striking Wife's pleadings, the trial court cited the importance of obtaining
information concerning the best interest of K.E.S. and ruled that Wife would be
permitted to call, examine, and cross-examine witnesses, including herself, which
Wife did.

 At the conclusion of the bench trial, the trial court divided the marital estate,
appointed Wife and Husband joint managing conservators of K.E.S, granted Husband
the right to designate the child's primary residence, ordered Wife to pay Husband
$150 per month child support, and entered a standard possession order. 

 Wife retained new counsel, who filed a motion for new trial supported by
Wife's affidavit. Husband filed a verified response to the motion for new trial. 
Thereafter, the trial court entered findings of fact and conclusions of law at Wife's
request. These included a finding that Wife had a pattern of violating court orders,
in both Tarrant and Harris County; a finding that Wife refused to permit visitation on
at least 14 occasions; and a finding of contempt for refusals to permit visitation on
four occasions. These findings also reflect the trial court's resolution of issues Wife
raised in her motion for new trial. 

Improper Appendix


 As a preliminary matter, we note that Wife dismisses much of the reporter's
record as "false testimony." Wife also acknowledges that the appellate record, as a
whole, does not adequately support her claims. Wife has apparently attempted to
remedy these complaints by attaching an unauthenticated, 22-item appendix to her
appellate brief. Except for a partial copy of the trial court's docket sheet, none of the
22 items was before the trial court. Therefore, these items are not part of the record
on appeal. See Tex. R. App. P. 34.1 ("The appellate record consists of the clerk's
record and, if necessary to the appeal, the reporter's record."). Because we must hear
and determine a case on the record as filed, we decline to consider the contents of
Wife's appendix for any purpose. See Samara v. Samara, 52 S.W.3d 455, 457 (Tex.
App.--Houston [1st Dist.] 2001, no pet.); Mitchison v. Houston Indep. Sch. Dist., 803
S.W.2d 769, 771 (Tex. App.--Houston [14th Dist.] 1991, writ denied). 

Standard of Review


 Challenges to the trial court's findings of fact and conclusions of law underlie
most of Wife's issues on appeal. Accordingly, we address the standards that control
our review. We review conclusions of law entered after a bench trial independently
to determine their correctness from the facts found. Butler v. Arrow Mirror & Glass,
Inc., 51 S.W.3d 787, 792 (Tex. App.--Houston [1st Dist.] 2001, no pet.). We review
questions of law de novo. Id. Findings of fact in a case tried to the court have the
same force and effect as a jury's verdict on questions and are reviewable for legal and
factual sufficiency. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.
1991); Min v. Avila, 991 S.W.2d 495, 500 (Tex. App.--Houston [1st Dist.] 1999, no
pet.). When, as here, the appellate record contains a complete reporter's record of the
trial, the trial court's findings of fact are not conclusive, but subject to the same legal
and factual sufficiency challenges as govern review of jury findings. Min, 991
S.W.2d at 500. In reviewing challenges to the legal and factual sufficiency of the
evidence, we review the legal challenge first. Id.

 To analyze the legal sufficiency of the evidence to support the trial court's
findings, we consider only the evidence and inferences that tend to support the
challenged finding and disregard all inferences to the contrary. Id. If any evidence
of probative force supports a finding, we must overrule the challenge and uphold the
finding. Id. To analyze factual sufficiency, we weigh all the evidence, both
supporting and conflicting, and may set the finding aside only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust. Id.

 Wife's arguments also encompass challenges to the trial court's failure to make
"independent" findings of fact and conclusions of law. (1) We construe Wife's
arguments as challenging the trial court's having adopted the findings and
conclusions proposed by Husband. Under well-settled practice, the prevailing party,
here Husband, prepares findings of fact and conclusions of law for the trial court's
signature. See Grossnickle v. Grossnickle, 935 S.W.2d 830, 837 n.1 (Tex.
App.--Texarkana 1996, pet. denied). Performing this clerical task to assist the trial
court is neither improper nor erroneous because the court need not accept the
proferred findings and conclusions and may modify them, revise them, or reject them
completely and substitute others. See id. The trial court had no "independent" duty,
therefore, to draft findings and conclusions and did not err by adopting findings and
conclusions proposed by Husband as the prevailing party.

Pretrial Rulings


 Wife's first two issues challenge several pretrial determinations by the trial
court.

A. Withdrawal of Counsel

 Portions of Wife's first and second issues challenge the trial court's decision
to permit Wife's counsel to withdraw from representing her because she was left
without counsel at trial. It is undisputed that appellant appeared pro se on March 5,
2000 and addressed her lack of representation in the context of her motion for
continuance before the case proceeded to trial. The record on appeal does not contain
a copy of the order granting Wife's former counsel's motion to withdraw. The record
reflects, however, that the ruling occurred on February 26, 2001, and the substance
of the ruling is reflected, to some extent, in the trial court's finding of fact Number
5, as well as the trial court's docket entries and the parties' post-decree references to
the ruling. Based on the record presented, we construe Wife's arguments as
challenging the sufficiency of the evidence to support finding of fact Number 5,
which reads as follows:

 5. The Court finds that Julia Sookma requested her attorney to
withdraw in correspondence which was attached to her attorney's First
Amended Motion to Withdraw, and also made reference to her desire to
cease his representation of her in pleadings that she filed with the Court
and served on opposing counsel. 


 Wife's motion for new trial, as well as her affidavit offered in support of her
motion for new trial, (2) asserted several challenges to the trial court's granting Wife's
former counsel permission to withdraw. These included (1) allegations that former
counsel did not adequately notify Wife that he intended to withdraw and (2)
assertions, without supporting evidence, that Wife had not discharged the former
counsel, but had instead issued a written ultimatum that the former counsel either
"produce some results" or withdraw. Husband refuted these claims in his verified
response, which relied on an attachment to Wife's former counsel's motion to
withdraw, which the former counsel had served on Husband. The attachment was a
copy of a letter Wife had sent to her former counsel, dated February 12, 2001, which,
Husband claimed, was the same letter that Wife described as the ultimatum to
withdraw or produce some results. The attachment, however, shows that Wife
unequivocally requested that the attorney "file the appropriate motion to withdraw"
and also stated she would "seek counsel elsewhere." In the same letter, Wife referred
to an early December 2000 letter that also instructed her former counsel to withdraw. 
An additional attachment to Husband's response to Wife's motion for new trial
showed that Wife had moved, pro se, for "enlargement" of the trial date. In this
motion, Wife stated her relationship with former counsel had ceased in November
2000. 

 Finding of fact Number 5 reflects that the trial court properly exercised its fact-
finding role and reconciled Husband's and Wife's differing claims by finding that
Wife had discharged her former counsel months before the March 5, 2001 trial date.
See Rogers v. Clinton, 794 S.W.2d 9, 10 n.1 (Tex. 1990) (noting client may discharge
counsel "at any time," but that counsel must satisfy requirements of Tex. R. Civ. P.
10). The verified documentary evidence Husband offered to refute Wife's complaints
is legally sufficient to support this finding. The same evidence indicates Wife was
aware of settings and deadlines and elected to proceed pro se. The evidence thus
supports an implied finding that Wife's former counsel satisfied the requirements of
rule 10 before moving to withdraw. See Tex. R. Civ. P. 10. We further hold that the
evidence is factually sufficient to support finding of fact Number 5, and the implied
finding of compliance with rule 10, and that Wife's contrary assertions do not so
greatly preponderate against those findings as to render them manifestly unjust. 

 We overrule those portions of Wife's first and second issues that challenge the
trial court's decision to permit Wife's counsel to withdraw from representing her. 

B. Oral Motion for Continuance

 The first portion of Wife's second issue challenges the trial court's refusal to
grant Wife's oral motion to continue the trial. We follow the usual standard of
review, abuse of discretion. See Gen. Motors Corp. v. Gayle, 951 S.W.2d 469, 476
(Tex. 1997). Wife contends the trial court abused its discretion because the trial court
knew that neither Wife nor K.E.S. was represented by counsel. As addressed above,
however, Wife had discharged her attorney and had elected to proceed pro se. 
Moreover, no continuance may be granted "except for sufficient cause supported by
affidavit, or by consent of the parties, or by operation of law." See Tex. R. Civ. P.
251. The record does not contain a written motion for continuance or an affidavit. 
Because Wife did not comply with rule 251, the trial court did not abuse its discretion
by denying Wife's oral motion. See Villegas v. Carter, 711 S.W.2d 624, 626 (Tex.
1986); In re T.T., 39 S.W.3d 355, 361 (Tex. App.--Houston [1st Dist.] 2001, no pet.);
see also Shull v. United Parcel Serv., 4 S.W.3d 46, 52-53 (Tex. App.--San Antonio
1999, no pet.) (noting that pro se litigants not exempt from requirements of law and
procedure). 

 We overrule the portion of Wife's second issue that challenges the trial court's
refusal to continue the trial.

C. Guardian ad Litem 

 Wife's second issue also challenges the trial court's alleged refusal to appoint
a guardian ad litem to represent K.E.S. Wife cites no references to the record for this
ruling, however, and the record does not reflect the ruling. See Tex. R. App. P.
38.1.(h) (requiring record citations), 33.1(a)(2) (requiring ruling by trial court as
prerequisite to appellate review). Moreover, the statute on which Wife relies does not
apply because this is not a suit to terminate Wife's or Husband's parental rights. 
Section 107.013 of the Family Code mandates appointment of a guardian ad litem to
represent the interests of a child only in a suit brought to terminate the parent-child
relationship. Tex. Fam. Code Ann. § 107.013 (Vernon 2002).

 We overrule the portion of Wife's issue two that challenges the trial court's
alleged refusal to appoint a guardian ad litem for K.E.S.

D. "Death Penalty" Sanctions

 The portion of Wife's first issue not addressed above contains a challenge to
the trial court's granting Husband's motion to strike Wife's pleadings for discovery
abuse. We construe Wife's issue as challenging the following findings of fact and
conclusions of law:

Findings of Fact


 33. The Court finds that [Wife] failed to answer or object to discovery
requests.


 34. The Court finds that [Wife] failed to appear for her deposition.


Conclusions of Law



 2. On February 26, 2001, an order was entered compelling [Wife] to
answer Interrogatories.


 3. On March 5, 2001, [Wife] was sanctioned for failure to cooperate
in discovery after an order compelling her to do so.


 4. The orders of February 26, 2001, which were entered on March
5, 2001, included an order compelling discovery answers on
penalty of having [Wife's] pleadings stricken if she failed to
comply, and were within the sound discretion of the court. 


 5. [Wife's] pleadings were ordered stricken on March 5, 2001 when
she failed to answer any discovery requests.


We review these findings and conclusions under the standards referenced above. 

 De novo review of the record shows ample support for the trial court's
conclusions of law, which merely reflect the trial court's awareness of its prior orders. 
The record reflects that the trial court conducted a hearing on Husband's motion to
compel discovery and for sanctions on February 26, 2001 and reconsidered that
motion before beginning trial and before ordering Wife's pleadings stricken. When
asked to respond to Husband's motion to strike her pleadings, Wife did not claim she
had complied with discovery. Rather, she denied "trying to be contemptuous" of the
trial court, claimed she was unaware of the requested discovery and did not "know
those things were missing," and attributed any lack of compliance on the counsel she
had discharged months earlier. Given Wife's explanations and the trial court's prior
orders relating to discovery, the trial court properly exercised its fact-finding role by
finding that Wife had neither answered nor objected to discovery requests and had
failed to appear for her deposition. We find the evidence both legally and factually
sufficient to support the trial court's findings of fact Numbers 33 and 34. 

 Having determined that the trial court properly entered the findings and
conclusions that underlie the decision to strike Wife's pleadings, we apply the abuse-of-discretion standard to that ruling. See Chrysler Corp. v. Blackmon, 841 S.W.2d
844, 849 (Tex. 1992). Pro se litigants must comply with the Rules of Civil Procedure. 
See Shull, 4 S.W.3d at 52-53. Accordingly, Wife's proffered excuse of ignorance
could not excuse compliance with Husband's discovery requests. 

 The trial court has discretion to impose "just" sanctions under rule 215(2)(b). 
Tex. R. Civ. P. 215(2)(b); TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d
913, 917 (Tex. 1991). A just sanction has a direct relationship to the offensive
conduct and is not excessive. Chrysler Corp., 841 S.W.2d at 849. An order striking
a party's pleadings amounts to adjudicating the party's claims without regard to their
merits. See TransAmerican, 811 S.W.2d at 918. Due process limits the trial court's
authority to resolve a lawsuit in this manner. See id.

 The record before us reflects the trial court was aware of, and acted on, the due
process implications of the order striking Wife's pleadings. After granting that relief,
the trial court determined, after questioning both Husband's counsel and Wife, that
the parties did not significantly dispute either the enumeration or the division of
Wife's and Husband's property and debt. Accordingly, there was no need for
additional documents that might have been provided through discovery. 

 Moreover, after voicing significant concern over the conservatorship and
possession of K.E.S. and determining K.E.S.'s best interest in that regard, the trial
court virtually rescinded the order striking Wife's pleadings by ruling that Wife
would be permitted to call, examine, and cross-examine witnesses, including herself. 
This later ruling acknowledged the due process implications of the earlier order
striking Wife's pleadings and effectively removed the summary-adjudication or
"death penalty" aspect of that order. The case proceeded to trial on that basis without
objection by Wife, who participated fully in the trial by offering her own testimony
as a witness, calling another witness on her behalf, and cross-examining Husband and
his witnesses. 

 Given this record, we hold that the trial court removed any harm that might
have resulted from the order striking Wife's pleadings and therefore did not abuse its
discretion. 

 We overrule the portion of Wife's first issue that challenges the trial court's
order striking Wife's pleadings. 

Denial of Jury Trial


 Wife's fourth and fifth issues challenge removal of the case from the jury
docket despite Wife's having demanded a jury and paid the jury fee. Denial of a jury
demand raises constitutional issues under both the United States and Texas
Constitutions. See Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666-67
(Tex. 1996). A party must nevertheless preserve its right to challenge the denial on
appeal. Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assurance Co.,
875 S.W.2d 385, 387 (Tex. App.--Dallas 1993, no writ); see also Tex. R. App. P.
33.1(a) (requiring specific objection and ruling by the trial court as prerequisite to
presenting complaint for appellate review), 38.1(h) (requiring citations to the record
to support argument). 

 The record reflects that Wife appeared pro se on March 5, 2001, when the trial
court called the case for trial. Despite having requested a jury trial and having paid
the jury fee, Wife called her first witness after the trial court indicated readiness to
proceed. Because Wife did not object then or at any time during trial to trying her
case to the court, she waived any error. See Sunwest Reliance Acquisitions Group,
Inc., 875 S.W.2d at 387-88.

 We overrule Wife's fourth and fifth issues.

Challenge to Contempt Finding


 Wife's third issue purports to challenge the trial court's finding Wife in
contempt of the temporary orders issued by the Tarrant County court by failing to
surrender K.E.S. to Husband on four different occasions. Wife refers to an
automobile accident, resulting injury, and medical and travel restrictions in an
apparent attempt to challenge that finding. Wife has waived this issue by not
supporting it with argument, authority, or references to the record. See Tex. R. App.
P. 38.1(h); Wade v. Comm'n for Lawyer Discipline, 961 S.W.2d 366, 373 (Tex.
App.--Houston [1st Dist.] 1997, no pet.).

 We overrule issue Wife's third issue. 

Sufficiency Challenges to Decree


 Wife's sixth and seventh issues generally challenge the trial court's conclusion
of law Number 12, that the best interests of K.E.S. were served by appointing
Husband managing conservator with the right to designate the child's residence, as
well as the following findings of fact:

 29. The Court finds that the repeated failure of [Wife] to permit
possession and access of [K.E.S. by Husband] was intentional and
in direct contravention of his rights under the temporary orders in
the case.


 30. The Court finds that the repeated failure of [Wife] to permit
possession and access of [K.E.S. by Husband] was not in the best
interest of [K.E.S.]. 


 31. The Court finds that the repeated violations by [Wife] of court
orders regarding [Husband's] possession and access of [K.E.S.]
will likely continue in the future if [Wife] continues to be the
primary joint managing conservator of [K.E.S.] with the right to
designate [her] residence. 


 32. The Court finds that in spite of the repeated violations of [Wife]
of court orders regarding [Husband's] possession of and access of
[K.E.S.], he maintained a strong, [sic] and positive relationship
with his daughter by spending the day with her at her school when
he drove from Tarrant County to Harris County to attempt to pick
her up for his periods of possession and access. (3) 


 Wife's challenge is essentially two-pronged. She first contends the trial court
was required to find her unfit before awarding Husband the right to designate
K.E.S.'s residence. The Family Code does not impose this requirement for
determining the best interest of the child. See Tex. Fam. Code Ann. §§ 153.002,
153.003 (Vernon 2002). Wife's second challenge focuses on allegations,
unsupported by references to the record, that Husband's residence and lifestyle
endanger K.E.S.'s health and safety. In emphasizing these allegations, Wife's
challenge ignores the primary focus of the trial court's findings, specifically, her own
repeated failures to surrender K.E.S. to Husband under the temporary orders in effect
before the decree.

 The record is legally sufficient to support the trial court's determination that
Wife denied Husband his right to possession of the child on at least 14 occasions. 
After Wife moved to Harris County, in violation of the Tarrant County court's
temporary orders, Husband was able to obtain possession of K.E.S. only after
obtaining a writ of habeas corpus for possession of K.E.S. Thereafter, Wife interfered
with Husband's court-ordered right to possession of K.E.S. by removing her from
school before Husband's anticipated arrival to pick her up for visitation. K.E.S. was
absent from school 18 times and had nine early checkouts on Fridays scheduled for
Husband's right of possession. 

 The evidence is legally sufficient to support the trial court's findings of fact
Numbers 29 through 32, and the controverting evidence Wife introduced at trial does
not so greatly preponderate against those findings as to render them manifestly unjust. 
Accordingly, the trial court properly reconciled the conflicts in Husband's and Wife's
testimony by entering those findings and by entering conclusion of law Number 12,
that K.E.S.'s best interest was served by appointing Husband joint managing
conservator with the right to designate her residence. 

 We overrule Wife's sixth and seventh issues. (4) 


Conclusion


 We affirm the judgment of the trial court.





 Elsa Alcala


 Justice


Panel consists of Justices Taft, Alcala, and Price. (5)


Do not publish. Tex. R. App. P. 47.4.
1. Wife has not asserted a separate issue to bring this challenge, but we address
her challenge because her arguments in support of other issues encompass this
challenge. See Tex. R. App. P. 38.1(e) ("The statement of an issue or point will
be treated as covering every subsidiary question that is fairly presented."). 
Moreover, we must construe pro se applications liberally. See Haines v.
Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594-95 (1972); Johnson v. McAdams,
781 S.W.2d 451, 453 (Tex. App.--Houston [1st Dist.] 1989, orig. proceeding);
see also Tex. R. App. P. 38.9 (requiring liberal construction of briefing
requirements). 
2. Wife filed her motion for new trial through newly retained counsel.
3. A major portion of issue six apparently challenges the temporary orders the
trial court entered on March 2, 2001 pursuant to section 105.001(a)-(b) of the
Family Code. Tex. Fam. Code Ann. § 105.001(a)-(b) (Vernon 2002). These
orders became moot on entry of the decree and are not appealable. See Saxton
v. Daggett, 864 S.W.2d 729, 736 (Tex. App.--Houston [1st Dist.] 1993, no
writ). In addition, both issues rely significantly on the 22-item appendix
attached to Wife's brief. As noted above, we must decline to consider this
appendix for any purpose. We overrule the portion of Wife's sixth issue that
challenges the temporary orders entered on March 2, 2001. 
4. Wife's brief also contains complaints concerning the trial court's referral of the
case to mediation and division of property, as well as complaints premised on
post-decree garnishment of Wife's wages. Because she has neither provided
adequate references to the record to support her complaints, nor cited adequate
authority to support her claims, Wife has waived any error. See Tex. R. App.
P. 38.1(h); Wade, 961 S.W.2d at 373. 
5. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.