**Order entered September 9, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-13-00524-CV

---

### BRIAN CAYCE BERTRAND, Appellant

### V.

### JOHN DAVID BERTRAND AND ANDREA GAIL ROBINSON BETRAND, Appellees

---

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-15646**

---

## ORDER

Before the Court is appellant Brian Cayce Bertrand's September 5, 2014 "Motion to Reset Oral Arguments."[1]  We **GRANT** appellant's motion and set this case for oral argument on **October 8, 2014** at **3:00 p.m.**  Further, as set out below, we **ORDER** the parties to file, by **September 26, 2014**, supplemental briefing regarding the Court's jurisdiction over this appeal and be prepared to address the jurisdictional issues, along with the merits of this appeal, at oral argument.

---

[1] We note that appellant's counsel failed to conference with appellees' counsel prior to filing the motion as required by rule of appellate procedure 10.1.  *See* TEX. R. APP. P. 10.1(a)(5).  Although we do not condone appellant counsel's failure to comply with the rules of appellate procedure, appellees have not contested appellant's motion on this basis.  *See Samara v. Samara*, 52 S.W.3d 455, 457 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (declining to dismiss appeal based on procedural violation of failing to attach certificate of conference to motion for extension of time to file brief).

On August 18, 2014, this Court corresponded with the parties regarding questions the Court has concerning its jurisdiction over this appeal. Specifically, the Court questioned whether the "Final Judgment" signed by the trial court on February 1, 2013 was final for purposes of appeal because, although the "Final Judgment" states it is intended "to be a Final Judgment, finally and unequivocally disposing of all claims" against appellees, it also provides that "[a]ny request for sanctions against Brian Cayce Bertrand and his counsel shall survive the entry of this Final Judgment." The appellate record reflects that, prior to the trial court signing the "Final Judgment," appellees requested sanctions against appellant and his attorney both in a pleading and through a separate motion for sanctions. The appellate record does not reflect any ruling by the trial court on the requested sanctions.

To aid it in determining the threshold issue of jurisdiction over this appeal, this Court invited the parties to file letter briefs addressing the effect, if any, of the Texas Supreme Court's opinions in *Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009 (per curiam) and in *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 96–97 (Tex. 2009) (per curiam) and this Court's opinion in *American Heritage Capital, LP v. Gonzalez*, No. 05-12-00892-CV, 2014 WL 2946005, at \*3–5 (Tex. App.—Dallas July 1, 2014, no pet.) on the finality of the trial court's judgment. This Court also instructed the parties to be prepared to address any jurisdictional issues during oral argument on September 3, 2014.

Appellees filed a letter brief stating the judgment was final because there were no pending requests for sanctions in this case at the time the "Final Judgment" was signed. Rather, appellees assert, after the trial court granted summary judgment in favor of appellees, it severed appellant's claims against appellees into this case, and all requests for sanctions remain pending in a companion case brought by appellant against Jana Bertrand. In a supplemental letter brief,

2

appellees stated that correspondence to the trial court after the "Final Judgment" was signed relating, in part, to an Amended Motion for Sanctions, was mistakenly filed in this case and should have been filed in the case brought by appellant against Jana Bertrand. Appellant did not file a letter brief addressing the jurisdictional issue.

Appellees' counsel appeared at oral argument on September 3, 2014 and presented argument solely on the jurisdictional issue. Appellant's counsel did not appear in court but, approximately fifty-five minutes after argument was scheduled to start, approached the Clerk of the Court's office and indicated he had been ill.

This Court continues to question whether it has jurisdiction over this appeal. Accordingly, we **ORDER** the parties to submit supplemental briefing by **September 26, 2014** on the jurisdictional issue set out above. Each party's brief shall not exceed fifteen pages in length and must contain citations to the record and to any legal authority the party relies on to support its position. The parties are specifically **ORDERED** to address in their briefs the impact, if any, of the following events on the jurisdictional inquiry:

(1) The filing in the trial court on February 22, 2013 of appellees' "Brief in Support of Amended and Consolidated Motion for Sanctions";

(2) The filing in the trial court on March 6, 2013 of the parties' "Rule 11 Agreement to Accept Service of Subpoenas for March 7, 2013 Hearing on Defendants' Motion for Sanctions";

(3) The entry on the trial court's docket sheet on March 7, 2013 that states:
**Motion - Sanctions** (10:30 AM) (Judicial Officer: SLAUGHTER, GENA)
Events: 10/11/2012 MOTION - SANCTIONS
02/22/2013 BRIEF FILED
03/06/2013 RULE 11
*BRIEF FILED 2/22/13 MICHELLE 214/741/6260*; and

(4) Appellees' counsel's March 28, 2013 letter to the trial court requesting, in part, a ruling on appellees' Amended Motion for Sanctions.

3

With regard to the docket entry set out in item three above, the parties are **ORDERED** to inform this Court whether a hearing on appellees' motion for sanctions was held by the trial court on or about March 7, 2013 or thereafter.

/Robert M. Fillmore/
ROBERT M. FILLMORE
PRESIDING JUSTICE