**Opinion issued November 24, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00283-CV

———————————

**CYNTHIA HOLLAND, Appellant**

**V.**

**MEMORIAL HERMANN HEALTH SYSTEM, Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-17174**

---

## MEMORANDUM OPINION

Appellant, Cynthia Holland, challenges the trial court's rendition of summary judgment in favor of appellee, Memorial Hermann Health System ("Memorial"), in Holland's suit against it for premises liability. In her sole issue,

Holland contends that the trial court erred in granting Memorial summary judgment on the ground that it did not own or control the premises where she tripped and fell.

We reverse and remand.

## Background

In her original petition, Holland alleges that on April 7, 2011, she "tripped and fell on the uneven and cracked pavement" in the parking lot of "Memorial Hermann Katy Hospital" ("Katy Hospital"). She further alleges that "the premises in question" are owned by Memorial, which owed her a legal duty "to protect and safeguard [her] from unreasonably dangerous conditions on the premises or to warn [her] of their existence." Memorial moved for summary judgment, arguing that because it did not own or control the premises in question, it, as a matter of law, did not owe Holland any such legal duty. After the trial court granted Memorial's motion, Holland filed a motion for new trial, which the trial court denied.

## Standard of Review

To prevail on a summary-judgment motion, a movant has the burden of establishing that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment, it

must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341; *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in her favor. *Id.* at 549. When a summary judgment does not specify the grounds on which the trial court relied, the reviewing court will affirm the judgment if any theory advanced in the motion is meritorious. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995); *Summers v. Fort Crockett Hotel, Ltd.*, 902 S.W.2d 20, 25 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

### Summary Judgment

In her sole issue, Holland argues that the trial court erred in granting Memorial summary judgment on the ground that it did not own or control the premises where she fell because she pleaded that she "tripped and fell" in the parking lot of *Katy Hospital*, but Memorial attached to its motion evidence

3

showing that it did not own or possess a parking lot adjacent to "Memorial Hermann Memorial City Hospital" ("Memorial City Hospital").

To prevail on a premises-liability claim, "a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premises where [the] injury occurred." *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999).

In support of its argument that it owed Holland no legal duty because it did not own or control the parking lot in which she tripped and fell, Memorial attached to its summary-judgment motion a copy of Holland's original petition; a map from the Harris County Appraisal District; a redacted lease agreement, purportedly concerning the parking lot area at issue; its answers to Holland's requests for disclosure and production; and various property-tax statements and receipts from the Harris County Tax Assessor-Collector. Memorial asserted that this evidence established that it did not own or control the parking lot at Memorial City Hospital.

On appeal, Holland emphasizes that the map from the Harris County Appraisal District, attached to Memorial's motion, does not mention Katy Hospital and "nothing in the record indicates that this is a map of the premises of Katy Hospital." Similarly, she points out that "the name of . . . Katy Hospital appears nowhere in the [lease] agreement," contained in Memorial's answer to Holland's requests for disclosure and production, "[i]t is not apparent from the face of the

4

document that it applies to . . . Katy Hospital, and no testimony in the record supports this prospect." Further, in a footnote to her brief, Holland notes that the lease agreement appears to pertain to "Memorial City Hospital, judging by the document request to which it purports to respond." She also notes that although the property-tax statements and receipts from the Harris County Tax Assessor-Collector reference a number of addresses, they do not refer to the address of Katy Hospital. Holland argues that because nothing in Memorial's summary-judgment evidence establishes that it did not own or control the parking lot at Katy Hospital, Memorial did not establish, as a matter of law, that it owed her no legal duty.

In response, Memorial argues that because Holland did not, in her response to its summary-judgment motion, complain that its evidence did not refer to Katy Hospital's premises, she has waived the issue. It also asserts that "[t]he uncontroverted evidence establishes that the incident occurred at Memorial City [Hospital]."

Only when a movant meets its burden of establishing each element of the claim or defense on which it seeks summary judgment does the burden then shift to the non-movant to disprove or raise an issue of fact as to at least one of those elements. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Hahn v. Love*, 321 S.W.3d 517, 523 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). However, if the movant does not satisfy its initial burden, then the burden

5

does not shift, and the non-movant need not respond or present any evidence. *See State v. Ninety Thousand Two Hundred Thirty–Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013). Why? Because "summary judgments must stand or fall on their own merits, and [a] non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right" to judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). Thus, a non-movant who does not raise an issue in response to a summary-judgment motion may still challenge, on appeal, "the legal sufficiency of the grounds presented by the movant." *Id.* And Holland has not waived her challenge that Memorial's summary-judgment evidence did not, as a matter of law, establish that it owed her no legal duty.

In regard to Memorial's summary-judgment evidence, we note that although it asserts in its brief that "[t]he uncontroverted evidence establishes that the incident [in question] occurred at Memorial City [Hospital]," rather than at Katy Hospital as Holland alleges in her petition, Memorial refers the Court only to documents contained in the appendix to its brief to support its assertion.[1] Notably

---

[1]  We note that Memorial does also direct the Court to Holland's requests for production, which it attached to its summary-judgment motion, and state, in its brief, that the requests "asked for documents pertaining to . . . Memorial City [Hospital]." In response to Holland's request, Memorial objected and responded: "[Memorial] is currently investigating the existence of any documents reflecting

6

though, an appellate court cannot, in deciding an issue, consider documents attached to a brief; it must consider the case based solely on the record filed.[2] *See Samara v. Samara*, 52 S.W.3d 455, 456 n.1, 458–59 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *Till v. Thomas*, 10 S.W.3d 730, 733–34 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Although Memorial presented summary-judgment evidence that it did not own or control the parking lot of Memorial City Hospital, it failed to present summary-judgment evidence that this parking lot is where Holland actually fell. Thus, Memorial did not establish, as a matter of law, that it owed Holland no legal duty in regard to her claim for premises liability. Accordingly, we hold that the trial court erred in granting Memorial summary judgment.

We sustain Holland's sole issue.

---

changes or repairs to the area where we understand the fall occurred." This is not sufficient evidence to establish that, as a matter of law, Holland fell in the parking lot of Memorial City Hospital. *See Schulz v. State Farm Mut. Auto. Ins. Co.*, 930 S.W.2d 872, 876 (Tex. App.—Houston [1st Dist.] 1996, no writ) (explaining "[a]nswers to interrogatories and discovery responses may only be used against the party who answered them" and party's "reliance upon . . . answers she provided to discovery . . . did not provide competent summary judgment evidence").

[2] Memorial admits in its brief that the evidence "establish[ing] [that Holland] fell at Memorial City [Hospital]" is not in the record.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.


Terry Jennings
Justice


Panel consists of Justices Jennings, Higley, and Huddle.

8