

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00035-CV
_____

THERESA HALL, Appellant

V.

GREEN RIDGE TOWNHOUSE HOMEOWNERS ASSOCIATION, INC., Appellee

On Appeal from the 269th District Court
Harris County, Texas
Trial Court No. 2020-03094-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

# O P I N I O N

Theresa Hall sued Green Ridge Townhouse Homeowners Association, Inc. (Green Ridge), as a result of its foreclosure on property located at 15304 Chipman Lane in Houston (the Property) and Hall's unsuccessful attempt to redeem it.[1] Green Ridge filed a traditional motion for partial summary judgment, which was granted by the trial court.[2] On appeal, Hall questions whether the trial court erred in granting Green Ridge's motion. We affirm the trial court's judgment.

## I. Factual and Procedural Background

On September 3, 2019, Green Ridge foreclosed on the Property for non-payment of maintenance fees. "On September 10, 2019, Green Ridge's attorney . . . sent a letter to the [Property owner,] Veyonka Pouncy, advising [Pouncy[3]] that the Property had been sold at a constable's foreclosure sale and that Houstonian Investment Group[, LLC, (Houstonian)] had purchased it." The letter advised Pouncy that she had ninety days from the date of the letter in which to redeem the Property, explained that information regarding the amount owed to Green Ridge could be obtained from its attorney, and further explained that Pouncy would also be required to pay Houstonian the purchase price to redeem the Property.

---

[1]Originally appealed to the First Court of Appeals in Houston, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the First Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]Hall also sued Houstonian Investment Group, LLC, in the same lawsuit. After the trial court granted Green Ridge's traditional motion for partial summary judgment, the trial court entered an order granting Green Ridge's unopposed motion for severance.

[3]Hall is the attorney in fact for her niece, Pouncy.

In a November 18, 2019, conversation with Hall, Green Ridge General Manager Rosalinda Carrizales told Hall that the amount owed to Green Ridge was $5,392.00. Carrizales also told Hall that she should contact Green Ridge's attorney for complete information regarding redemption because she also needed to make redemption arrangements with Houstonian.

On November 22, 2019, Hall delivered a cashier's check to Carrizales in the amount of $5,392.00. After speaking with Green Ridge's attorney, Carrizales contacted Hall on November 26, 2019, and told her that Green Ridge could not accept the check and that she needed to pick it up. Carrizales also advised Hall that Green Ridge would give her its check for the surplus funds received from the sale of the Property and explained to Hall that she needed to arrange to redeem the Property from Houstonian. Carrizales did not hear back from Hall, and Hall never returned to pick up the checks.

On December 19, 2019, Hall's attorney sent a letter to Green Ridge requesting a "reinstatement quote" and stating that the correct redemption period was 180 days rather than 90 days. The following month, Hall filed suit against Green Ridge and Houstonian alleging entitlement to a declaratory judgment that the statutory redemption period was 180 days and that she had properly redeemed the Property. Hall further alleged a cause of action for quiet title and trespass to try title, together with claims of promissory estoppel, negligent misrepresentation, common-law fraud, and intentional interference with a contractual relationship. Hall sought actual and exemplary damages, attorney fees, and an application for a temporary restraining order.

On February 26, 2020, Houstonian advised Hall that the redemption amount was $29,346.39. The following month, Green Ridge returned Hall's cashier's check in the amount of $5,392.00 and also included a check in the amount of $19,072.00 for the excess proceeds from the sale of the Property. On April 1, 2020, Hall's counsel advised Houstonian that Hall was ready to get everything paid. In reply, Houstonian indicated that the 180-day redemption period had expired.

Green Ridge thereafter filed its traditional motion for partial summary judgment on all of Hall's claims alleging (1) that, as a matter of law, Hall was not entitled to a declaration that (a) the redemption period was 180 days, (b) she had tendered the redemption payment within the redemption period, (c) she had substantially complied with the requirements of Section 209.011 of the Texas Property Code, and (d) Green Ridge's failure to provide an exact amount to redeem the Property violated Section 209.011 of the Texas Property Code; (2) that, as a matter of law, it was not a proper defendant in a quiet title action or an action in trespass to try title because title to the Property was in Houstonian, not Green Ridge; (3) that, as a matter of law, it could not be liable on Hall's promissory estoppel claim because it made no promise to Hall, it proved the defense of impossibility, and the law does not allow for a recovery beyond what Hall already received; (4) that it disproved two essential elements of Hall's negligent misrepresentation claim; (5) that it disproved an essential element of Hall's fraud claim; and (6) that Hall's cause of action for intentional interference with a contractual relationship did not state a claim against Green Ridge. Hall did not file a response to Green Ridge's motion for summary judgment.

4

The trial court concluded that Green Ridge's motion was meritorious and granted judgment in its favor on Hall's claims for "declaratory judgment, suit to quiet title/trespass to try title, promissory estoppel, negligent misrepresentation, common-law fraud, and interference with a contractual relationship." This appeal ensued.

## II.    Standard of Review

"We review the trial court's summary judgment de novo." *Triton 88, L.P. v. Star Electricity, L.L.C.*, 411 S.W.3d 42, 55 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "The movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law." *Id.* (citing *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam)). "In reviewing the summary judgment, we must indulge every reasonable inference in favor of the non-movant and resolve any doubts in [her] favor." *Grace v. Titanium Electrode Prods., Inc.*, 227 S.W.3d 293, 297 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Rizkallah v. Conner*, 952 S.W.2d 580, 582 (Tex. App.—Houston [1st Dist.] 1997, no pet.)). "We consider all grounds on which the trial court ruled that are preserved for review and that are necessary for disposition of the appeal . . . ." *Id.* (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996)). "Because a motion for summary judgment must stand on its own merits, the nonmovant may argue on appeal that the movant's summary judgment proof is insufficient as a matter of law, even if the nonmovant filed no response to the motion." *Id.* (citing *Willrich*, 28 S.W.3d at 23; *Rizkallah*, 952 S.W.2d at 582–83).

## III. Lack of Preservation and Waiver

Hall asserts, as her sole point of error, that the trial court erred in granting Green Ridge's traditional motion for partial summary judgment.[4] Hall then argues that, (1) because a declaratory judgment is a remedy and not a cause of action, she waived her right to argue this issue; (2) she presented adequate evidence in her first amended petition to prove each and every element of her cause of action for promissory estoppel; (3) she presented adequate evidence in her first amended petition to prove each and every element of her cause of action for negligent misrepresentation; and (4) she presented adequate evidence in her first amended petition to prove each and every element of her cause of action for common-law fraud.

Attached to Hall's brief is a document entitled "Plaintiff's Response to Defendant Green Ridge Townhouse Association Inc.'s Motion For Partial Summary Judgment." That document is not file marked and is not included in the clerk's record on appeal. Green Ridge represented, in its brief, that no such response was filed in the trial court. The clerk of the trial court has confirmed that no such response was filed in the trial court. "The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal, and, therefore, the documents cannot be considered." *Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (quoting *Till v. Thomas*, 10 S.W.3d 730, 734 (Tex. App.—Houston [1st Dist.] 1999, no pet.)). "Evidence that is not contained in the appellate

---

[4]Hall's broad issue questioning whether the trial court erred by rendering summary judgment in favor of Green Ridge is authorized by *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). This general point of error "authorizes the party against whom judgment was rendered to challenge all possible grounds on which the trial court might have relied in rendering judgment." *McCoy v. Rogers*, 240 S.W.3d 267, 272 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Our sister court has held that, even so, "[t]he challenging party must also . . . present those arguments and supporting authority in order to merit reversal." *Id.*

record is not properly before this Court." *Id.* (citing TEX. R. APP. P. 34.1); *see Holland v. Mem'l Hermann Health Sys.*, No. 01-14-00283-CV, 2015 WL 7455328, at *3 (Tex. App.—Houston [1st Dist.] Nov. 24, 2015, no pet.) (mem. op.) ("[A]n appellate court cannot, in deciding an issue, consider documents attached to a brief; it must consider the case based solely on the record filed.") (citing *Samara v. Samara*, 52 S.W.3d 455, 456 n.1, 458–59 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)).  Because the document purporting to be Hall's response to Green Ridge's motion for partial summary judgment is not a part of the appellate record filed with this Court, we may not consider it.

As a consequence of Hall's failure to respond to Green Ridge's motion for partial summary judgment, she is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant.[5]  *See B. Gregg Price, P.C. v. Series 1 – Virage Masper, LP*, No. 01-20-00474-CV, 2021 WL 3204753, at *4 (Tex. App.—Houston [1st Dist.] July 29, 2021, no pet.) (mem. op.) (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993)); *Rizkallah*, 952 S.W.2d at 582–83 (lack of response by nonmovant "does not supply by default the summary judgment proof necessary to establish the movant's right to summary judgment" but nonmovant "is limited on appeal to arguing the legal sufficiency of the grounds presented by movant") (citing *McConnell*, 858 S.W.2d at 343 (Tex. 1993)).  Yet, Hall's brief does not attack the sufficiency of the proof supporting the summary judgment.  That is, Hall does not contend

---

[5]Because Hall did not respond to the motion for summary judgment, we do not address the issue of whether Hall's complaints as set forth in her brief comply with Rule 38.1(e) of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 38.1(i) ("brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").  Likewise, these issues were not before the trial court.  *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

that Green Ridge did not conclusively establish its claims.  As a result, that issue has been waived on appeal.  *See Bernstein v. Adams*, No. 01-12-00703-CV, 2013 WL 4680396, at *2 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.) (failure to attack sufficiency of proof supporting summary judgment on appeal results in waiver of that issue).  For these reasons, we find that Hall's brief presents nothing for our review.

## IV.      Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:      August 25, 2021
Date Decided:        October 29, 2021