Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## OPINION

No. 04-07-00559-CV

**IN THE GUARDIANSHIP OF LILLIAN GLASSER,** an Incapacitated Person

From the Probate Court Number 1, Bexar County, Texas
Trial Court No. 2005-PC-0843
Honorable, Polly Jackson Spencer, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   January 30, 2009

AFFIRMED; MOTION TO DISMISS DENIED; MOTION TO REMAND DENIED

Suzanne Matthews appeals the probate court's orders authorizing an attorney ad litem to hire

litigation counsel and authorizing the payment of fees to the attorney ad litem and litigation counsel.

We affirm the probate court's orders.

### BACKGROUND

On March 2005, Suzanne Matthews instituted a guardianship proceeding, in the Bexar

County Probate Court, seeking appointment as temporary and permanent guardian of the person and

estate of her mother, Lillian Glasser. The probate court made a preliminary finding of partial

incapacity and appointed Matthews the temporary guardian of Mrs. Glasser's person and estate with

limited powers. The court also appointed Karen E. Pena as Mrs. Glasser's attorney ad litem. Both Matthews's siblings opposed the guardianship proceeding in Bexar County and the parties agree the matter quickly became complex and contentious. Because of the increasing complexity of the case and the prospect of significant litigation, Pena filed a motion asking the probate court to authorize her to retain litigation counsel. Matthews objected, but after a hearing the probate court found "it is in the best interest of the proposed ward, Lillian Glasser, for the Attorney Ad Litem to be permitted to hire litigation counsel for the duration of this cause." The court's order approved Pena's employment of litigation counsel and ordered that the costs associated with the representation would be paid by the guardianship estate after being presented to and approved by the court. Pursuant to that order, Pena hired Orlando Lopez as litigation counsel. The court later issued two interim orders authorizing the payment of the ad litem's fees and expenses.

The parties engaged in extensive litigation over the next two years, involving several contests, removal to federal court and remand, a mandamus to this court, administrative investigations, mediations, and discovery and litigation in both Texas and New Jersey probate courts. Matthews resigned as temporary guardian in October 2005, but continued to pursue appointment as Mrs. Glasser's permanent guardian. Ultimately, the Bexar County Probate Court deferred to the New Jersey court's finding that it should exercise primary jurisdiction over the guardianship issues and stayed the Texas guardianship proceedings. After thirty-four days of trial, the New Jersey probate court issued an opinion in March 2007, ruling Mrs. Glasser was incapacitated, unable to govern herself and her affairs, and in need of a guardian of her person and property. On July 17, 2007, the Bexar County Probate Court issued its final order authorizing payment of fees to the

attorney ad litem and discharged the attorney ad litem and her litigation counsel from further service. Matthews subsequently filed this appeal in which she contends the trial court had no authority to authorize Pena to hire litigation counsel, the court erred in allowing Pena to hire unqualified counsel, and the court abused its discretion by awarding unnecessary and excessive fees. The appellees, Pena and Lopez, contend we do not have jurisdiction to review some of Matthews's complaints and seek a remand for an award of appellate attorney's fees.

### JURISDICTION

Pena and Lopez moved to dismiss this appeal in part, arguing the probate court's order authorizing employment of litigation counsel and one of the court's orders authorizing payment of attorney ad litem fees were final, appealable orders that Matthews did not timely appeal. We disagree.

As a general rule, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, "[p]robate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). To determine whether a probate court order is final for purposes of appeal, we first give controlling effect to "an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable." *De Ayala*, 193 S.W.3d at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). If there is no express statute, a probate court order is final and appealable only if it "dispose[s] of all parties or issues in a particular phase of the proceedings." *DeAyala*, 193 S.W.3d at 579. An order

that "does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, . . . is interlocutory." *Id.*

Pena and Lopez first contend we lack jurisdiction to consider the probate court's May 4, 2005 order authorizing Pena to employ litigation counsel, arguing the order was final and appealable when it was rendered and Matthews's 2007 appeal of the order was untimely. Appellees agree that no statute declares such order to be final and appealable, but contend the order is "final" for purposes of appeal "because it completely and finally disposes of the issue of whether Mrs. Glasser, the proposed ward, has the right to retain litigation counsel to represent her interests . . . [and] determines her substantive right to litigation counsel."

Although the probate court's order disposed of the issue of whether Pena could hire litigation counsel, it did not "dispose of all parties or issues in a particular phase of the proceedings" or finally adjudicate any substantive right of the ward. *See id.* at 579. Mrs. Glasser's substantive right to counsel was not in dispute. Rather, the issue before the court was whether to replace Pena, a solo practitioner, with an attorney who had greater resources at her disposal (as Matthews urged the probate court to do) or to allow Pena to retain litigation counsel to assist her. The court's order simply set the stage for all of the litigation that followed by authorizing Pena to enlist the aid of another attorney to conduct that litigation. In other words, the ruling was "more like a prelude than a finale." *See id.* at 578. Accordingly, the May 4, 2005 order was interlocutory and not appealable.

Pena and Lopez next argue we lack jurisdiction to review one of the fee orders Matthews has appealed. The probate court issued two interim orders and a final order authorizing payment of attorney's fees to Pena from funds of the estate. Pena's fee applications included requests for

payment of Lopez's attorney's fees and expenses. The court heard Pena's first application for payment of attorney's fees on October 7, 2005. Matthews objected to payment of fees for services rendered by Lopez on the grounds that his hiring was not authorized by law and his services were unnecessary and duplicative. At the hearing, the parties agreed Pena would receive a partial payment of the fees requested, subject to a later trial on the necessity of the services rendered. The probate judge concurred, stating that the necessity of the fees would be considered at the conclusion of the guardianship proceeding and pointing out the possibility that some of the interim fees might have to be disgorged. The court's order authorizing payment of fees to Pena expressly stated it was "without prejudice to the objections of Suzanne Mathews." Pena and Lopez do not challenge our jurisdiction to review this order. They also concede we have jurisdiction to review the probate court's third fee order, dated July 17, 2007, because Matthews filed her notice of appeal within thirty days of that order.

Pena and Lopez challenge our jurisdiction over the probate court's second fee order, dated January 12, 2006. Unlike the October 7, 2005 order, the second fee order did not expressly state it was subject to Matthews's objections, nor was an express agreement to that effect stated on the record at the hearing. Matthews did, however, make her objections on the record and agreed to the payment of the interim fees subject to the objections. Moreover, the record establishes the parties, as well as the probate court, understood and intended that each of the interim fee awards to Pena were subject to a final hearing on Matthews's objection to the necessity of the fees. At the final fee hearing on July 17, 2008, Pena and Lopez offered into evidence all of Pena's fee applications, including the one paid pursuant to the January 2006 order, and asked the court to rule the fees were

reasonable and necessary and to approve the final payment. Lopez testified he understood the court's earlier orders "would be subject to this hearing and this review." The probate judge also acknowledged that the earlier fee orders had always been subject to a later hearing on the necessity of the fees. At the conclusion of the evidence, the probate court found some of the work reflected in the fee applications was not necessary, approved the remainder, and ordered the balance be paid. Because the New Jersey court had appointed a guardian of the estate, the probate court found no further need for an attorney ad litem and discharged Pena and Lopez. We conclude the probate court's interim fee orders were interlocutory because they did not end a phase of the proceedings and were made subject to a later hearing on the necessity of the fees. The orders became final after the July 17, 2007, hearing, and Matthews timely appealed the July 17 order. Accordingly, we have jurisdiction to review the orders in dispute.

### EMPLOYMENT OF LITIGATION COUNSEL

In her first and second issues, Matthews argues the probate court abused its discretion by allowing Pena to hire Lopez as litigation counsel. She contends the probate court was without authority to allow the attorney ad litem to hire additional counsel; that even if the court had the authority, the case did not present any extraordinary circumstances justifying additional counsel; and that the court erred in allowing Pena to hire Lopez because he was not qualified. The parties agree we review the trial court's order authorizing Pena to employ litigation counsel for abuse of discretion. However, we must first address appellees' contention that Matthews lacks standing to raise these issues.

### *Matthews's Standing to Complain*

Appellees contend Matthews does not have standing to complain of the probate court's orders overruling Matthews's objections to the hiring of litigation counsel. Matthews was Mrs. Glasser's temporary guardian in May 2005, when the probate court heard Pena's motion to retain litigation counsel and Matthews's initial objections to the motion. Pena and Lopez argue that because Matthews no longer serves as temporary guardian, she is "attempting to appeal as an individual objections made in a different capacity" and has no standing to do so. We disagree.

Matthews submitted her resignation as temporary guardian at the October 7, 2005 hearing where Pena's first fee application was considered. Nevertheless, Matthews continued to appear in the guardianship proceedings as an individual and as an applicant for appointment to be Mrs. Glasser's permanent guardian. Matthews objected to payment of Lopez's fees at the October 7, 2005 hearing and at each subsequent fee hearing on the ground there was no legal authority for authorizing Pena to hire litigation counsel. *See* Tex. Prob. Code Ann. § 601(25) (Vernon Supp. 2008); § 642 (Vernon 2003) (generally, any person may appear and contest a matter or proceeding relating to a guardianship). Because the grounds Matthews appeals individually are grounds she objected to individually in the probate court, we reject appellees' standing argument. We now turn to Matthews's substantive arguments.

### *The Probate Court's Authority to Authorize Additional Counsel*

Matthews first argues the probate court abused its discretion in authorizing Pena to hire litigation counsel because there is no express statutory authority for the appointment of counsel to assist an attorney ad litem. *See Thomas v. Anderson*, 861 S.W.2d 58 (Tex. App.–El Paso 1993, no

writ) (holding trial court abused its discretion by appointing counsel for competent, non-indigent litigant when appointment not authorized by statute or rule). Matthews contends the opinion in *Samara v. Samara*, 52 S.W.3d 455 (Tex. App.–Houston [1st Dist.] 2001, pet. denied) is dispositive. In *Samara*, the trial court appointed both a guardian ad litem and an attorney ad litem for the children in a divorce case. 52 S.W.3d at 456. The court later authorized the guardian ad litem to hire an attorney to represent her in her role as guardian ad litem and taxed the costs of the attorney to one of the parties. *Id.* The court of appeals held there is no statutory basis for appointing an attorney for a guardian ad litem, who is not a party to the suit and whose duties are limited. *Id.* at 457-58, n.4. The court noted that if the guardian ad litem needed legal advice to protect the children's interests, she should have consulted the attorney ad litem, whose duty it was to provide the children legal representation. *Id.* at 458. Finding nothing in the record to suggest there were extraordinary circumstances justifying the appointment, the court held the appointment of counsel for the guardian ad litem was an abuse of discretion. *Id.*

Although we agree the trial court must have a statutory basis for appointing counsel, we disagree that *Samara* controls our disposition of this appeal. In *Samara*, the court of appeals held there was no authority for appointing counsel to assist the guardian ad litem, none of whose duties involved providing legal services. *See id.* On the other hand, the Texas Probate Code not only authorizes, but mandates, the probate court to appoint an attorney ad litem to represent the interests of the proposed ward. TEX. PROBATE CODE ANN. § 646(a) (Vernon Supp. 2008). The attorney ad litem is appointed to represent and advocate on behalf of the proposed ward in the proceeding. *Id.* § 601(1). The attorney ad litem performs the services of an attorney – he does legal and factual

research, gives advice and makes recommendations to his client, and conducts litigation. *See id.* § 647 (Vernon 2003); *City of Houston v. Woods*, 138 S.W.3d 574, 582 (Tex. App.–Houston [14th Dist.] 2004, no pet.); *Coleson v. Bethan*, 931 S.W.2d 706, 712-13 (Tex. App.–Fort Worth 1986, no writ). "It is the attorney ad litem's duty to 'defend the rights of his involuntary client with the same vigor and astuteness he would employ in the defense of clients who had expressly employed him for such purpose.'" *In re Estate of Stanton*, 202 S.W.3d 205, 208 (Tex. App.–Tyler 2005, pet. denied) (quoting *Estate of Tartt v. Harpold*, 531 S.W.2d 696, 698 (Tex. Civ. App.–Houston [14th Dist.] 1975, writ ref'd n.r.e.)).

Nothing in the Probate Code suggests the court is constrained to appoint only one person to represent the proposed ward without regard to the nature or complexity of the proceeding. To the contrary, we construe the probate court's statutory obligation to appoint counsel for the proposed ward to encompass the authority to authorize the number and caliber of counsel appropriate to the case. *See Stanton*, 202 S.W.3d at 208 (holding probate court acted within its discretion in authorizing attorney ad litem to retain another attorney for appeal); *Oldham v. Calderon*, No. 14-95-01426-CV, 1998 WL 104819, at *2 (Tex. App.–Houston [14th Dist.] Mar. 12, 1998, pet. denied) (not designated for publication) (holding that where proposed ward was dissatisfied with appointed attorney ad litem and hired two attorneys to represent her in guardianship proceeding, probate court was authorized to compensate both attorneys for fulfilling role of attorney ad litem); *see also Goodyear Dunlop Tires N.A., Ltd. v. Gamez*, 151 S.W.3d 574, 588 (Tex. App.–San Antonio 2004, no pet.) (recognizing there may be circumstances justifying involvement of additional attorneys to carry out duties of guardian ad litem). We therefore hold a probate court has the discretion to authorize an attorney ad

litem to enlist the assistance of additional counsel to represent the proposed ward when warranted by the circumstances.

### Probate Court's Exercise of its Discretion

Matthews next contends this guardianship proceeding did not present any extraordinary circumstances justifying retention of another attorney. Matthews asserts Pena should have been able to effectively defend Mrs. Glasser alone and if not, "it would have been far more expedient [for the probate court] to ask for Mrs. Pena's resignation."

The probate court has the ultimate responsibility for protection of an incapacitated person's best interest. *See Urbish v. 127th Judicial District Court*, 708 S.W.2d 429, 431-32 (Tex. 1986) (holding trial courts have responsibility to protect minor's best interests). In determining whether to remove an incapacitated party's attorney, the trial court's only consideration is the party's best interest. *See id.* at 432. Matthews points to nothing in the record suggesting the probate judge considered anything other than Mrs. Glasser's best interests when she authorized Pena to hire litigation counsel and rejected Matthews's request that the court replace Pena.

On the other hand, the record amply supports the probate court's finding that Mrs. Glasser would be well-served by the addition of litigation counsel. Pena is a probate and guardianship attorney who has been involved in over forty guardianship cases, primarily as the appointed attorney ad litem. The record shows her to be knowledgeable and experienced in guardianship law and competent to perform the duties of the attorney ad litem. However, almost immediately after her appointment, the proceeding escalated into a highly contentious battle, which was ultimately over control of Mrs. Glasser's substantial fortune. Mrs. Glasser's son and nephew each filed contests to

Matthews's application, and the parties disputed everything – access to Mrs. Glasser's medical and financial records, where Mrs. Glasser should live, her medical care, whether the case should be litigated in Texas or New Jersey, or in state or federal court.

Faced with multiple parties, each with multiple attorneys[1], the accelerating animus among the parties[2] and increasing complexity of the proceeding, Pena, a solo practitioner, thought it prudent to request the assistance of litigation counsel. Pena's concerns about the complexity of the case were well-founded. All of the issues were the subject of extensive discovery, discovery disputes, and numerous lengthy hearings. The *partial* clerk's record filed in this appeal is fifteen volumes long, and at the final hearing in the trial court, the probate judge rated the complexity of this guardianship proceeding as a "12" on a scale of one to ten.

We hold Matthews has not shown the probate court abused its discretion in finding it was in Mrs. Glasser's best interest for Pena to retain litigation counsel or in authorizing Pena to employ litigation counsel.

### *Whether Litigation Counsel was Qualified*

An attorney ad litem appointed by the court in a guardianship proceeding is required to be certified by the State Bar of Texas as having successfully completed a course in guardianship law and procedure. *See* TEX. PROBATE CODE ANN. § 646(b) (Vernon Supp. 2008); § 647A (Vernon

---

[1] At the May 2005 hearing on Pena's motion to retain litigation counsel, Matthews and the two contestants were represented by eleven attorneys.

[2] For example, to facilitate a visit between Mrs. Glasser and her son in March 2005, Pena prepared a Rule 11 agreement that included specific terms about subjects that could be discussed and required the presence of a uniformed police officer.

2003). Matthews argues in her second issue that the trial court abused its discretion by allowing Pena to hire Lopez because Lopez was not certified.

Pena, the person the probate court appointed to be Mrs. Glasser's attorney ad litem, was properly certified. The court did not appoint Lopez to be an attorney ad litem, nor did the probate judge understand that to be Lopez's role. Rather, the court authorized Pena to hire litigation counsel because she believed Pena should have "the ability to employ necessary professionals to assist her in doing her job as Mrs. Glasser's attorney." The judge expressly stated she did not view Lopez as representing Mrs. Glasser as her appointed attorney ad litem.

The court fulfilled its obligation by appointing an attorney for Mrs. Glasser who had been properly trained in guardianship law and procedure. A professional hired by the attorney ad litem to assist her in performing her duties is not required to be certified. We therefore overrule Matthews's second issue.

## AMOUNT OF FEE AWARD

Matthews's third issue states, "The trial court erred by awarding fees to the ad litem and her litigation counsel that were the product of inexperience, duplicated efforts, and actions that fell far outside the proper scope of their representation."

The probate court must order the payment of a fee set by the court to compensate attorneys appointed in guardianship proceedings. TEX. PROBATE CODE ANN. § 665A (Vernon Supp. 2008). "The amount of compensation awarded to the ad litem lies within the sound discretion of the trial court. . . . A reviewing court will not overturn a fee award absent evidence showing a clear abuse of

discretion." *Brownsville-Valley Regional Med. Ctr., Inc. v. Gamez*, 894 S.W.2d 753, 756 (Tex. 1995) (citing *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 794 (Tex. 1987)).

At the July 2007 hearing, Pena and Lopez offered into evidence their detailed billing statements and both testified and were cross-examined about the legal services they provided in the guardianship proceeding. They also put on expert testimony that the fees for the services they rendered were reasonable and necessary. Matthews stipulated that Pena's and Lopez's rates were reasonable, but argued Lopez should not have been hired so none of his fees were necessary, some of the matters for which services were rendered went beyond the scope of the attorney ad litem's duties, and the time spent was excessive because Pena "overzealously" advocated on behalf of her client. The trial court agreed with Matthews in part and disallowed any fees for time spent on several discrete matters. The probate court approved the rest of Pena's fee requests, impliedly finding the fees and services performed were necessary.

The only "actions that fell far outside the proper scope of . . . representation" that Matthews identifies in her brief are ones for which the probate court disallowed fees. Accordingly, we overrule that portion of her third issue. Matthews's remaining argument on this issue is that the fees awarded were unnecessary and duplicative. Matthews points to instances in the fee applications when Pena and Lopez worked on the same matters, but does not pray we reduce the fee award by those amounts nor explain why the probate court abused its discretion in finding the services of both attorneys on these matters were necessary. In her reply brief, Matthews clarifies that she is not challenging the award of fees for any specific work. Rather, her contention is that *all* of the work done by Lopez was duplicative, unnecessary, and unauthorized because the trial court should never have allowed Pena

to hire Lopez. Accordingly, it is Matthews's position that the probate court abused its discretion in awarding *any* fees for Lopez's time. We have already rejected the arguments that Lopez's employment was unauthorized and not justified by the circumstances. We therefore overrule the remainder of Matthews's third issue and affirm the probate court's orders awarding attorney ad litem fees.

### APPELLEES' REQUEST FOR APPELLATE ATTORNEY'S FEES

After Pena and Lopez were discharged from further service by the probate court, Pena filed a motion asking to be reappointed as the attorney ad litem to defend the probate court's fee orders on appeal and asked for an award of attorney's fees for the appeal. Although the record does not reflect any ruling on Pena's motion, the court did not reappoint Pena as attorney ad litem. Pena did not appeal the probate court's failure to grant the motion. However, Pena and Lopez have filed a motion in this court asking that we remand the case to the probate court for a hearing and award of appellate attorney's fees.

The Probate Code authorizes compensation to attorneys ad litem appointed "to represent the interests of the proposed ward" in guardianship proceedings. TEX. PROBATE CODE ANN. §§ 646(a), 665A (Vernon Supp. 2008). Thus, an appointed attorney ad litem who represents the interests of his client on appeal is entitled to compensation, regardless of the outcome of the appeal. *See Cahill v. Lyda*, 826 S.W.2d 932, 933 (Tex. 1992) (applying Rule 244 of the Texas Rules of Civil Procedure). However, an attorney is not entitled to compensation from the ward's estate pursuant to section 665A for services that did not fulfill the role of the attorney ad litem. *In re Guardianship of Archer*, No. 04-03-00260-CV, 2004 WL 57049, at *2-*3 (Tex. App.–San Antonio, Jan. 14, 2004, no pet.) (mem.

op.). Accordingly, an attorney ad litem is not entitled to recover fees for representing his own interests, rather than those of his involuntary client, on appeal. *See Harris County Children's Prot. Servs. v. Olvera*, 77 S.W.3d 336, 342 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) (holding attorneys ad litem appointed under Family Code "could not incur attorney ad litem fees and expenses defending their own interests, namely the reasonableness of their fees" and were not entitled to appellate attorney's fees); *see also Holt Texas, Ltd. v. Hale*, 144 S.W.3d 592, 597-98 (Tex. App.–San Antonio 2004, no pet.) (holding guardian ad litem appointed pursuant to Rule 173 of the Texas Rules of Civil Procedure may not recover fees incurred defending award of ad litem fees on appeal).

Pena's and Lopez's role as attorney ad litem and litigation counsel ceased when they were discharged in July 2007. Neither has acted as or fulfilled the role of attorney ad litem in this appeal. In defending the probate court's authorization to hire litigation counsel and its award of ad litem fees, Pena and Lopez have been protecting their own interests, not those of Mrs. Glasser. The Probate Code does not authorize compensation for fees incurred in these circumstances. Accordingly, we deny the motion to remand.

The probate court's orders are affirmed.

Steven C. Hilbig, Justice