*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00268-CV

## IN THE MATTER OF THE GUARDIANSHIP OF THE PERSON AND ESTATE OF **A.M.K.** and A.A.K., Minor Children

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2007-PB-6000035-L1
Honorable Alvino "Ben" Morales, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:    April 15, 2009

REVERSED AND RENDERED

Heydar "Shaun" Khaledi appeals the entry of a Final Order of Attorney's Fees ordering him to pay one-half of the attorney's fees and court costs in a guardianship proceeding filed by Gilda Khaledi. Because no statutory authority supports the trial court's order, we reverse the order of the trial court and render judgment denying Gilda's motion for award of attorney's fees.

## BACKGROUND

On April 13, 2007, Gilda filed an application for appointment of a guardian for the person and estate of her minor children, A.M.K. and A.A.K. In her application, Gilda requested the court to appoint her as guardian of the person and estate of her minor children. According to Gilda, a

guardianship was necessary because the minor children's interest was going to be involved in litigation. Gilda's counsel explained that the anticipated litigation involving the children concerned a suit for increased child support against Shaun, Gilda's ex-husband and the father of A.M.K. and A.A.K, which was to be filed at a later time.[1] On May 11, 2007, the trial court appointed an attorney ad litem to represent the children.

In November of 2007, Gilda's mental condition unexpectedly deteriorated, and she was hospitalized at a state mental hospital. On November 27, 2007, Luxandra Vela, Gilda's cousin, filed an application requesting to be appointed guardian for the person and estate of A.M.K. and A.A.K. Vela's application was based on Gilda's mental condition. On that same day, A.M.K. and A.A.K. executed selections of guardian by a minor and selected Vela as their guardian. The following day, the trial court signed an order appointing Vela as temporary guardian over the person and estate of A.M.K. and A.A.K.

On December 3, 2007, Gilda filed a motion for award of attorney's fees, seeking to recover $34, 482.94, the attorney's fees and court costs she incurred in the guardianship proceedings from Shaun. On February 12, 2008, the trial court granted the motion, in part, ordering Shaun to pay $17, 241.27, representing one-half of the attorney's fees and court costs Gilda incurred in the guardianship proceedings. On March 13, 2008, the trial court entered an order converting the temporary guardianship into a permanent guardianship.

### JURISDICTION

We must first determine whether we have jurisdiction over Shaun's appeal. In general, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195

---

[1] The motion to modify was never subsequently filed.

(Tex. 2001). Probate proceedings, however, "are an exception to the 'one final judgment' rule." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (citing *Lehmann*, 39 S.W.3d at 192); *see also In the Guardianship of Lillian Glasser,* No. 04-07-00559-CV, 2009 WL 763351, at *2 (Tex. App.—San Antonio 2009, no pet. h.). In probate cases, "'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala*, 193 S.W.3d at 578 (quoting *Lehmann*, 39 S.W.3d at 192). In order to determine whether a probate court order is final for purposes of appeal, we first look to see whether an express statute declares that particular phase of the probate proceedings to be final and appealable. *Id*. (highlighting complete heirship judgments as an example of an interlocutory probate court order that is final and appealable under an express statute); *see also Glasser*, 2009 WL 763351 at *2. If no express statute exists, then in order for a probate court order to be final and appealable, the order must dispose of all the parties and issues in that particular phase of the proceeding. *De Ayala*, 193 S.W.3d at 578; *see also Glasser*, 2009 WL 763351 at *2. Otherwise, the order is interlocutory and nonappealable. *De Ayala*, 193 S.W.3d at 578; *see also Glasser*, 2009 WL 763351 at *2.

Gilda first contends we lack jurisdiction to consider the trial court's February 12, 2008 order because no statute authorizes an interlocutory appeal from an order granting attorney's fees and court costs in a guardianship proceeding. Gilda also asserts the February 12, 2008, order is a part of the overall guardianship proceeding involving a child support dispute, and the order does not dispose of all the parties and issues raised in the entire proceeding. Finally, Gilda contends Shaun's failure to request a severance of the attorney's fees order from the remaining issues in the case prevents the order from being appealable.

Because no express statute makes the February 12, 2008 order appealable and no severance was requested, we must determine whether the order disposes of all the parties and issues in the particular phase of the proceeding. *See De Ayala*, 193 S.W.3d at 578. In Gilda's motion, the only relief she requested was an award of the attorney's fees and court costs she incurred in the guardianship proceeding. The February 12, 2008 order fully addresses that narrow issue by ordering Shaun to pay $17, 241.47, one-half of the attorney's fees and court costs Gilda had incurred. Moreover, the order contains several indicia of a final judgment, including its references to being a "judgment," its provision for appellate attorney's fees, and its provision for execution and enforcement. *See Lehmann*, 39 S.W.3d at 206 (noting language in an order may reveal its intended finality). Because no issues raised in the December 3, 2007 motion remained unresolved, the February 12, 2008 order concluded a discrete phase of the guardianship proceedings and therefore is appealable. *See De Ayala*, 193 S.W.3d at 578*; Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied).

### ATTORNEY'S FEES

In his sole issue on appeal, Shaun contends the trial court abused its discretion by ordering him to pay $17, 241.47, one-half of the attorney's fees and court costs Gilda had incurred, and further ordering him to pay $15,000 in the event the order was appealed and the appeal was unsuccessful. Shaun contends the trial court blatantly disregarded section 665B of the Texas Probate Code, and as a result the order is improper and should be vacated.

Gilda contends the probate court's order should be reviewed under the Texas Family Code because all of the pleadings involving the guardianship, including the motion for attorney's fees and court costs, relate to a motion to modify the amount of child support, which Gilda anticipated filing

at a later date. Shaun asserts, however, that Gilda incorrectly attempts to avail herself under the Texas Family Code. According to Shaun, because Gilda filed her motion for award of attorney's fees as part of the guardianship proceeding, the Texas Probate Code governs its disposition. We agree with Shaun.

A motion to modify child support and related pleadings must be filed in the court of continuing, exclusive jurisdiction. TEX. FAM. CODE ANN. § 156.002 (Vernon 2009) (requiring a suit for modification to be filed in the court with continuing, exclusive jurisdiction). If, as her attorney represented, Gilda was planning to seek a child support modification, then she would have been required to file her pleadings as a motion to modify in the 111th District Court, which was the court with continuing, exclusive jurisdiction. *See* TEX. FAM. CODE ANN. §§ 155.001, 155.002, 156.002 (Vernon 2009)*; see also In re Marriage of White*, No. 06-07-00048-CV, 2007 WL 2948396, *1 (Tex. App.—Texarkana 2007, no pet.). Here, Gilda filed the motion for award of attorney's fees in the guardianship proceeding. Therefore, the Texas Probate Code governs its disposition. *See* TEX. PROB. CODE ANN. § 606(c) (Vernon 2003) (providing guardianship proceedings to be filed in county courts at law where no statutory probate court exists).

We review a trial court's award of attorney's fees and court costs related to a guardianship proceeding under an abuse of discretion standard. *Meduna v. Holder*, No 03-02-00067-CV, 2003 WL 124214, *2 (Tex. App.—Austin 2003, no pet.); *see also Moore v. First City Bank of Dallas*, 707 S.W.2d 286, 288 (Tex. App.—Fort Worth 1986, no writ). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Meduna*, 2003 WL 124214 at *3; *see also Beaumont Bank*, *N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

Under section 665B of the Texas Probate Code, a court, on request of the person who filed an application to be appointed guardian, may order compensation for an attorney who represented the applicant from "available funds of the ward's estate" or "the county treasury if: (A) the ward's estate is insufficient to pay for the services provided by the attorney; and (B) funds in the county treasury are budgeted for that purpose." TEX. PROB. CODE ANN. § 665B(a) (Vernon 2009); *In re Guardianship of Fortenberry*, 261 S.W.3d 904, 914 (Tex. App.—Dallas 2008, no pet.); *Meduna*, 2003 WL 124214 at *2. Accordingly, section 665B of the Texas Probate Code clearly specifies that compensation for an attorney who represented an applicant in guardianship proceedings must be paid by either the "available funds of the ward's estate" or "the county treasury." Because compensation from Shaun does not constitute compensation from either the "available funds of the ward's estate" or "the county treasury," the trial court abused its discretion by acting without reference to section 665B of the Texas Probate Code, which contained the guiding rule and principle. *Meduna*, 2003 WL 124214 at *3; *see also Beaumont Bank*, 806 S.W.2d at 226.

## CONCLUSION

We reverse the trial court's order and render judgment that Gilda's motion for award of attorney's fees is denied.


Karen Angelini, Justice