

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00178-CV

EX PARTE JULIE PARKER

On Appeal from the County Court
Wilbarger County, Texas
Trial Court No. 26,023, Honorable Mike Bird, Presiding

January 3, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

The trial court, sitting without a jury, granted the application of Jennifer Redfearn Oliver for her appointment as permanent guardian of the person and estate of her daughter Julie Louise Parker. Parker appeals, acting *pro se* and without the involvement of her appointed guardian or her attorney *ad litem*. We have considered her appeal, and will affirm the trial court's order.

## Background

At the time Oliver filed the application in the County Court of Wilbarger County seeking appointment as permanent guardian of her 34-year-old daughter's person and

estate, Parker was a resident of the North Texas State Hospital in Vernon.[1] The application stated Oliver believed her daughter suffered from schizoaffective disorder and paranoid delusions. As a result, Oliver alleged, Parker is unable to make informed decisions to care for herself or to manage her financial affairs. The application requested that Parker be ordered to submit to "a comprehensive mental health, psychological and psychiatric evaluation."

The record contains the waiver and renunciation by which Parker's sister renounced any right to serve as guardian, in favor of the appointment of their mother Oliver.[2]

The court appointed an attorney *ad litem* for Parker, and after Parker's maternal grandmother filed a competing application for appointment as guardian and requested transfer of the proceedings, the case was transferred to the 46th District Court of Wilbarger County. After the physician first appointed to examine Parker determined he had a conflict of interest, the court ordered that she be examined by Susan A. Stone, M.D.[3]

---

[1] By the time Parker filed her appellate brief, she was residing in the Kerrville State Hospital.

[2] Although it does not appear in the clerk's record, the reporter's record reflects that Parker's father Huling Parker executed a similar waiver in favor of Oliver's appointment.

[3] The record shows Dr. Stone is board certified by the American Board of Psychiatry and Neurology in general and forensic psychiatry and maintains an active practice of psychiatry in Texas. She is also a licensed Texas lawyer.

The district court held a bench trial at which Oliver, Parker and Dr. Stone testified. The court appointed Oliver permanent guardian of her daughter's person and estate, with full powers.

Analysis

Although Parker's *pro se* brief contains several contentions regarding Parker's relationships with her parents and others, and regarding her disappointment over the withdrawal of counsel for her grandmother prior to the hearing, we perceive that the brief raises two primary appellate issues: an asserted conflict of interest on the part of Dr. Stone and the court's choice of Parker's mother Oliver as her guardian. The brief also contains statements generally asserting the assistance of her appointed attorney *ad litem* was ineffective. We will address those issues.

Issue One – Conflict of Interest of Expert Witness

As noted, Dr. Stone was appointed by the trial court to examine Parker, pursuant to statute. TEX. PROB. CODE ANN. § 687 (West Supp. 2013). Parker contends that Stone had a conflict of interest. She argues Stone was retained by her mother Oliver. We will overrule the issue, for the following reasons.

First, the issue presents nothing for our review. Rule of Appellate Procedure 33.1 applies to appellate complaints over the admission of expert testimony. *See Guadalupe-Blanco River Auth. v. Kraft,* 77 S.W.3d 805, 807 (Tex. 2002) ("To preserve a complaint that an expert's testimony is unreliable, a party must object to the testimony before trial or when it is offered"). That rule requires, as a prerequisite to presentation of a complaint for appellate review, that the complaint was made to the trial court by

3

timely request, objection or motion.  TEX. R. APP. P. 33.1(a).  The record reflects no objection was raised with the trial court when Stone was appointed, nor was any objection raised when her deposition testimony was presented at trial.  The trial court was never made aware of Parker's concerns about Stone nor was the court asked to rule on her objections.  The record reflects that Parker was aware of the contact between Stone and her mother because her attorney *ad litem* questioned Stone about the contacts during her deposition.  Even hearing that testimony, however, the trial court would not have been made aware that Parker objected to Stone's testimony.

Second, even had an objection been raised with the trial court, from the record before us, the court would have had no reason to disqualify Stone as a witness.  *See generally* TEX. PROB. CODE ANN. § 649 (West 2003) (in guardianship proceeding, district court witness and evidence rules generally apply); *Formosa Plastics Corp., USA v. Kajima Int'l, Inc.*, 216 S.W.3d 436, 447-49 (Tex. App.—Corpus Christi 2006, pet. denied) (addressing disqualification of expert witness).  In response to questions asked her, Stone testified she did not know Oliver and before the day of her deposition had talked by telephone with Oliver only for the purpose of arranging for delivery of Parker's medical records for Stone's review.  She testified her opinions regarding Parker's capacity and diagnoses were derived solely from her examination of Parker and review of her medical records.

Issue Two – Choice of Guardian

As noted, Parker's paternal grandmother Catherine L. Parker filed a competing application for appointment as guardian.  Although her counsel withdrew before the

4

hearing, Catherine Parker attended the hearing and participated. As required by statute, the trial court heard evidence on the qualifications, abilities and capabilities of both applicants. *See* TEX. PROB. CODE ANN. § 685(c) (West 2003). Statute also requires a court to make reasonable effort to consider the preference of a person for whom a guardian is appointed and, to the extent not inconsistent with other statutory provisions, to give due consideration to the preference before appointing the guardian. TEX. PROB. CODE ANN. § 689 (West 2003).

In her testimony, Parker told the court she did not want her mother appointed guardian because they have "a caustic relationship," and "have never gotten along." She continued, "It's always been me needing her because I've been thrust into this situation."

The court heard testimony to the effect that Parker's mother Oliver and her husband had, in substantial amount, supported and provided for Parker during her life. They purchased the condominium in Austin in which Parker was living before her most recent institutional stays. Oliver has remained personally close to her daughter and told the court her primary reason for initiating the guardianship proceedings was to enable her to consult with her medical providers. The court heard testimony regarding criminal proceedings pending against Parker in Harris County, and heard testimony that it was Oliver and her husband who retained and paid counsel to represent Parker in those proceedings. According to the testimony presented, Parker has no significant estate.

Testimony indicated Parker also has a close relationship with her grandmother, and that her grandmother tended to take Parker's side with regard to decisions concerning her wellbeing.

Stone testified to her recommendation that Oliver be appointed guardian. Asked why, she said, "I think her mother has been caring for [Parker] most of her life, or all of her life, and I think you know during her periods of incapacity I think her mother has been the one that's been managing her situations." On cross examination, asked again why she believed Oliver was the appropriate guardian, Stone responded, "I know from looking at the medical records, and even from [Parker] herself, that her mother has been her primary caretaker and has dealt with her many times of exacerbation of her illness."

Stone also testified to her evaluation of Parker's mental condition. She agreed with the diagnosis of other medical providers that Parker suffers chronic paranoid schizophrenia. She testified Parker's condition is manifested through fixed delusions, which, Stone said, are "very prominent and very fixed." Those, in combination with related "thought disorders" make "it impossible for her to reason logically in most circumstances." Stone described the delusions Parker holds, which center on Parker's belief she gave birth several years ago to twin boys who were taken from her. Stone further testified Parker's condition renders her unable to make informed decisions about her medical care or other aspects of her life.

Parker, in her testimony before the court, also described her assertion she has twin sons. The evidence before the trial court included medical records of periods

during which Parker was hospitalized at the Austin State Hospital, dating back to 2003. Those records also indicate a diagnosis of schizophrenia.

During her testimony, Oliver told the court she believed her daughter's expressed distrust of her was the result of her impaired mental condition, and that Parker's current attitude toward her was contrary to their prior loving relationship. Acknowledging that Parker had cut off communication with her since she moved to the North Texas State Hospital, Oliver expressed the hope she would be able to regain her daughter's trust.

The trial court's order contains its written findings that Oliver was eligible to act as guardian, was entitled to appointment and she was not disqualified. *See* TEX. PROB. CODE ANN. § 684 (West 2003) (findings required). Parker does not argue her mother was disqualified. *See* TEX. PROB. CODE ANN. § 681 (West Supp. 2013) (listing persons disqualified). As between Parker's mother and her grandmother, her mother is nearer kin. *See* TEX. PROB. CODE ANN. § 677 (West 2003).

A court appoints a guardian "according to the circumstances and considering the best interests of the ward." TEX. PROB. CODE ANN. § 677 (West 2003); *In re Hinrichsen*, 99 S.W.3d 773, 780 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Because the trial court acted at the hearing in the capacity of fact finder, the court was the judge of the credibility of the witnesses and the weight to be given their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). Considering the entirety of the evidence the court heard and the applicable statutory provisions, we see no error in its choice of Parker's mother as guardian. Her appellate issue asserting otherwise is overruled.

Issue Three – Ineffective Assistance of Attorney *Ad Litem*

Probate Code section 646(a) provides: "In a proceeding under this chapter for the appointment of a guardian, the court shall appoint an attorney ad litem to represent the interests of the proposed ward. The attorney shall be supplied with copies of all of the current records in the case and may have access to all of the proposed ward's relevant medical, psychological, and intellectual testing records." TEX. PROB. CODE ANN. § 646 (West Supp. 2013); *see* TEX. PROB. CODE ANN. § 601(1) (West Supp. 2013) (defining attorney *ad litem*). The appointed attorney *ad litem* must possess certification of completion of a course of study in guardianship law and procedure. TEX. PROB. CODE ANN. § 646(b) (West Supp. 2013).

In addition to the statutory provisions setting out duties of an attorney *ad litem* tailored to the peculiarities of a guardianship proceeding, *see* § 647 (duties of attorney *ad litem*), Texas courts have discussed the *ad litem's* duties. *See, e.g., In re Glasser*, 297 S.W.3d 369, 375-76 (Tex. App.—San Antonio 2009, no pet.); *Coleson v. Bethan,* 931 S.W.2d 706, 712-13 (Tex. App.—Fort Worth 1996, no writ).

The Texas Supreme Court held that the statutory right to counsel in parental-rights termination cases embodies the right to effective counsel, and applied the standard for ineffectiveness set out in *Strickland v. Washington. In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003) (citing *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). For purposes of our review of Parker's complaint, we will assume, without

deciding, that our state's supreme court would do the same with regard to a claim of ineffective assistance of an appointed attorney *ad litem.*[4]

By the two-pronged standard under *Strickland*, to show ineffectiveness of counsel, a litigant must demonstrate (1) that counsel's assistance fell below an objective standard of reasonableness and (2) that counsel's deficient assistance prejudiced the litigant's case. *Strickland*, 466 U.S. at 687. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State,* 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Parker's brief complains of her attorney *ad litem's* "sparse application of questioning [of witnesses], and a failure to gather character evidence or subpoena witnesses." In criminal cases, the failure to call a particular witness constitutes ineffective assistance only if the defendant shows that such witness was available for trial and would have given testimony that actually benefitted the defense. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Cantu v. State,* 993 S.W.2d 712, 719 (Tex. App.—San Antonio 1999, pet. ref'd). A case Parker cites, *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), illustrates application of the concept. The Supreme Court's conclusion that the performance of Mr. Williams' trial counsel at his sentencing hearing fell below the range of competence required of lawyers in criminal

---

[4] In particular, we do so without examining the differences in the Sixth Amendment basis for *Strickland*, 466 U.S. at 685-87, the fundamental rights of parenthood at stake in parental-rights termination cases, *see In re M.S.*, 115 S.W.3d at 547, and the rights of an assertedly incapacitated person at stake in a guardianship proceeding.

cases was based on the record produced from a habeas corpus proceeding. That record included the evidence, detailed in the opinion, 529 U.S. at 372-73 & n.4, that counsel failed to introduce during the sentencing hearing. As one example, the habeas record identified a locally respected CPA who, counsel acknowledged at the habeas hearing, called counsel to offer his help to Williams but counsel failed to return his phone call. *Id.* at 372 n.4 and 373. We find the concept applicable here. Keeping in mind that an allegation of ineffective assistance must be "firmly founded in the record," Parker's bare assertion in her appellate brief that counsel was ineffective because of a failure to "gather character evidence or subpoena witnesses" cannot suffice. The record from the hearing contains vague and general references to Parker's disagreement with her diagnosis and treatment, and equally vague references to medical evidence she contended would support her assertion she had given birth, but the record does not sufficiently identify the character evidence or witness testimony Parker believes should have been presented to permit evaluation of her claim of ineffective assistance under *Strickland*. From the record before us a court could neither conclude the assistance of Parker's attorney *ad litem* fell below an objective standard of reasonableness or that deficient assistance prejudiced her case. *Strickland*, 466 U.S. at 687. The same is true of her general complaint about the questioning of witnesses. The record permits no evaluation of additional questions that counsel should have asked, or how the responses would have aided Parker. We overrule Parker's issue asserting ineffective assistance of her attorney *ad litem*.

Having overruled the issues Parker presents, we affirm the trial court's order appointing Oliver guardian of her person and estate.


James T. Campbell
Justice