

# NUMBER 13-23-00213-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### IN RE THE GUARDIANSHIP OF
### TYLER MURRAY, AN INCAPACITATED PERSON

---

### ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
### OF VICTORIA COUNTY, TEXAS

---

# MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Silva and West[1]
### Memorandum Opinion by Chief Justice Tijerina

Appellants and cross-appellees James Murray, guardian of the person and estate of Tyler Murray (the ward), and Prosperity Bank USA appeal the trial court's judgment awarding guardian ad litem fees to appellee and cross-appellant Jacob Harvey. By a single issue, appellants assert Harvey's evidence was "insufficiently detailed" because he failed to "segregate the time he spent performing legal services from the time spent

---

[1] The Honorable Gina Benavides, former Justice of this Court, did not participate in this opinion because her term of office expired on December 31, 2024. In accordance with the appellate rules, she was replaced on panel by Justice Jon West.

performing guardian ad litem services." By a single issue, cross-appellant Harvey argues the trial court erred in denying him appellate attorney's fees. We reverse and render in part and affirm in part.

## I. PROCEDURAL HISTORY

On July 25, 2019, the trial court appointed Harvey to serve as guardian ad litem to "represent" and "defend the interests of the Ward." On November 26, 2019, the trial court awarded Harvey $11,150 "reasonable and necessary attorney's fees for legal services and costs." Murray appealed, arguing that Harvey was not entitled to attorney's fees because he was not appointed to serve as the ward's attorney. *See In re Guardianship of Murray*, No. 13-19-00646-CV, 2021 WL 3669337, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 19, 2021, pet. denied) (mem. op.) (*Murray I*). This Court reversed the award of attorney's fees for legal services and remanded the case to the trial court to compensate Harvey for his role as guardian ad litem pursuant to § 1054.055 and § 1155.151(a-1) of the estates code. *See id.*; TEX. EST. CODE ANN. §§ 1054.055; 1155.151(a-1). In *Murray I*, this Court declined to find that the trial court awarded Harvey attorney ad litem fees where Harvey was appointed only as guardian ad litem, and the trial court awarded "reasonable and necessary attorney's fees for legal services." *See Murray I*, 2021 WL 3669337, at *1. This Court did not perform a review for "reasonable compensation" "in an amount the court considers equitable and just" for ad litem fees. *See* TEX. EST. CODE ANN. §§ 1054.007, 1155.151. Therefore, *Murray I* does not apply to the issues in this case.

2

We noted that in a similar situation, guardians who are attorneys and sought legal fees must submit a detailed description of the services performed, *see id.* § 1155.052 ("Attorney Serving as Guardian and Providing Related Legal Services"), and that we had nothing before us to aid in our review for the trial court's award of general "attorney's fees" for "legal services." *See Murray I*, 2021 WL 3669337, at *6. With nothing before us, we were unable to perform a review for "attorney's fees" or "legal services," and we remanded the case to the trial court for compensation pursuant to §§ 1154.055, 1155.152. *See id.*; *In re Guardianship of Alford*, 596 S.W.3d 352, 360 (Tex. App.—Texarkana 2020, no pet.) (reviewing itemized billing for attorney ad litem fees). Appellants appealed this Court's judgment to the Texas Supreme Court. Review was denied.

On remand, the trial court held an evidentiary hearing on February 16, 2023, regarding application for guardian ad litem fees and for appellate attorney's fees. At the hearing, Harvey testified regarding his guardian ad litem fees, and his counsel, Cynthia T. Sheppard, testified regarding the appellate fees she incurred in representing Harvey. Following the hearing, the trial court awarded Harvey guardian ad litem fees in the amount of $11,500 and denied appellate attorney's fees. Harvey filed a motion for reconsideration, which was overruled by operation of law. These appeals followed.

## II.    GUARDIAN AD LITEM FEES

By their sole issue, appellants argue the trial court erred in awarding guardian ad litem fees in the amount of $11,500 because there is insufficient evidence to support such an award as Harvey was appointed to serve as guardian ad litem and not as attorney ad litem. By one subissue, appellants argue that Harvey's award is excessive because he

3

only requested guardian ad litem fees in the amount of $11,150, and the trial court erred in awarding Harvey $11,500 because this was more relief than he requested.

## A.    Applicable Law

Section 1155.151(a) of the estates code sets forth the ways in which fees, including those incurred by a guardian ad litem and attorney ad litem, shall be paid. *See* TEX. EST. CODE ANN. § 1155.151(a). "In a guardianship proceeding, the cost of any guardians ad litem, attorneys ad litem, court visitors, mental health professionals, and interpreters appointed under this title shall be set in an amount the court considers equitable and just." *Id.* § 1155.151(a-1). "A guardian ad litem is entitled to reasonable compensation for services provided in the amount set by the court, to be taxed as costs in the proceeding." *Id.* § 1054.055; *see also McAllen Hosps., L.P. v. Sepulveda*, No. 13-19-00366-CV, 2021 WL 3776749, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2021, pet. denied) (mem. op.) (providing that in the Texas Rules of Civil Procedure Rule 173 context, "[t]he burden of proof falls on the ad litem to establish that his fees are reasonable and necessary"). The services of guardians and attorney ad litems are payable out of the ward's management trust if the trial court determines the payment of the services are in the ward's best interest. *See id.* § 1155.151(a)(2).

The parties agree that fee awards in guardianship proceedings are subject to review for abuse of discretion. "The amount of compensation awarded to the ad litem lies within the sound discretion of the trial court . . . . A reviewing court will not overturn a fee award absent evidence showing a clear abuse of discretion." *In re Guardianship of Glasser*, 297 S.W.3d 369, 377 (Tex. App.—San Antonio 2009, no pet.) (citing *Brownsville-*

*Valley Reg'l Med. Ctr., Inc. v. Gamez*, 894 S.W.2d 753, 756 (Tex. 1995)). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). For example, "[a] trial court abuses its discretion in awarding [guardian] ad litem fees [pursuant to Rule 173] if there is no evidence or insufficient evidence to support the fee award." *Goodyear Dunlop Tires N. Am., Ltd. v. Gamez*, 151 S.W.3d 574, 580 (Tex. App.—San Antonio 2004, no pet.); *In re Guardianship of Mascorro,* No. 05-21-00940-CV, 2023 WL 5424302, at *5 (Tex. App.—Dallas Aug. 23, 2023, pet. denied) (mem. op.).

## B.   Guardian Ad Litem Fees

Appellants argue Harvey's evidence was "insufficiently detailed" because he failed to "segregate the time he spent performing legal services from the time spent performing guardian ad litem services." At the hearing, appellants argued that pursuant to *Rohrmoos*, Harvey did not "break out the tasks," tell us how much time he spent on each task, or par down fees that were not within the scope of his assignment. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019) ("Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services."). However, *Rohrmoos* does not apply here because Harvey seeks guardian ad litem fees "as reasonable compensation for the guardian ad litem's services" pursuant to the estates code; he is not seeking attorney's

5

fees pursuant to a statute. *Compare* TEX. EST. CODE ANN. § 1155.151(a-1) *with e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1) (allowing the recovery of "reasonable attorney's fees and costs of court incurred by the physician or health care provider" for certain situations under the Texas Medical Liability Act); *see generally MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009) (providing that Texas generally follows the "American Rule" regarding attorney's fees, prohibiting fee awards unless they are specifically provided for by contract or statute). Therefore, we reject an argument that Harvey was required to testify or provide evidence regarding the *Rohrmoos* factors. *See* TEX. EST. CODE ANN. § 1155.151(a-1).

Next, appellants argue that some of the work Harvey performed was outside the scope of his appointment. Harvey responded that he performed tasks in accordance with his role as guardian ad litem. In this case, the trial court appointed Harvey as guardian ad litem to "represent the interests" of the ward and to "defend the interests of the ward" in this proceeding. Harvey provided evidence that he represented and protected the ward's interests as he was required to do. *See id.* § 1054.054(b). He testified that he performed 44.6 hours at $250 an hour from July 29, 2019, through November 26, 2019, for a total of $11,150. He stated that this labor was necessary as part of his investigation, including interviewing witnesses such as the ward, the ward's family members, employees of Adult Protective Services, and traveling to Houston to visit and interview with the ward's medical staff, among other tasks. *See id.* §1054.055 (providing that guardian ad litems are "entitled to reasonable compensation" for their services "in an amount set by the court").

6

On both direct and cross-examination, Harvey testified regarding the specific details of his services. Harvey clarified that he was "appointed by the trial court with the knowledge that [he] was a lawyer" and "would bring the experience and ability of an attorney to the investigation" to make a recommendation. *See id.* He provided a detailed invoice, spanning over nine pages, which was admitted into evidence. The invoice provided the date Harvey performed a service, a very detailed description of what the service entailed and the outcome, mileage (if any), and hours spent. Following his investigation, Harvey recommended to the trial court partial restoration of the ward and that the guardianship of his estate be terminated. *See id.* § 1054.054(c).

Based on the foregoing, we conclude Harvey did not actively serve as the ward's attorney ad litem, Harvey was not the ward's legal counsel, Harvey did not appear in the litigation proceeding on behalf of the ward, and the ward did not make any appearances in the guardianship proceedings by and through Harvey as his court-appointed attorney ad litem. Furthermore, the ward did not seek any affirmative action from the trial court via an attorney ad litem. Because Harvey did not provide legal services to the ward by serving as the ward's attorney, Harvey did not "represent or advocate on behalf" of the ward.[2] *See Glasser*, 297 S.W.3d at 375 ("The attorney ad litem performs the services of an attorney—he does legal and factual research, gives advice and makes recommendations to his client, and conducts litigation."); *cf.* § 1002.002 (providing that the court may appoint

---

[2] The only action Harvey sought from the trial court was an "Application for Partial Restoration of Ward and Termination of Guardianship of the Estate." Harvey testified that he did not call the attorney ad litem to file this because the ward's attorney ad litem had already been discharged. Nonetheless, Harvey filed this application in his capacity as guardian ad litem—for the ward's best interest—and not on behalf of the ward.

7

an attorney to "represent and advocate on behalf of a proposed ward"). At no time did appellants object to Harvey's role, actions, or job performance or argue that Harvey was acting outside the scope of his role.[3] Because Harvey did not fulfill an attorney ad litem role as his work was for the benefit of the ward, and not on behalf of the ward, we reject appellants' argument that Harvey served as the ward's attorney ad litem.

Harvey's knowledge, expertise, and background in guardianship law does not undermine his request for relief as he was entitled to fees under a mandatory statute, regardless. See TEX. EST. CODE ANN. § 1155.151(a-1) (providing that both guardians ad litem and attorneys ad litem shall be paid in an amount the court considers "equitable and just"); *see also id.* § 1054.052 (providing that a guardian ad litem can also be appointed as attorney ad litem under judicial economy). We cannot conclude the trial court acted arbitrarily, unreasonably, or without reference to any guiding rules and principles of law in awarding Harvey fees and expenses pursuant to his role as guardian ad litem. *See Glasser*, 297 S.W.3d at 377; *see also Mascorro*, 2023 WL 5424302, at *5.

## C. Reasonableness of the Award

By one subissue, appellants argue that the trial court erred in awarding Harvey more fees than he requested, and we agree. At the hearing, Harvey consistently testified that he requested $11,150 in guardian ad litem fees based on 44.6 hours of work, and the evidence confirmed the same. Based on our review of the evidence, we conclude that

---

[3] Conversely, appellants filed an application to stay the appointment of Harvey *as guardian ad litem*, stating that Harvey has begun his *investigation of abuse, neglect, or exploitation* for which he is incurring unnecessary fees against the estate. *See* TEX. EST. CODE ANN. § 1054.054 (providing that a guardian ad litem shall investigate whether a guardianship is necessary for the ward and evaluate alternatives to guardianship in a manner that will enable the court to determine the action in the ward's best interest).

8

the trial court abused its discretion in awarding $11,500 in guardian ad litem fees because the record does not support the reasonableness of those fees. *See Goodyear*, 151 S.W.3d at 591 (reversing and remanding for a recalculation of the guardian ad litem fees where the court "simply cannot reconcile the fee awarded with the ad litem's billing statement"); *Sepulveda*, 2021 WL 3776749, at *5 (reversing and remanding for a recalculation of guardian ad litem fees when this Court could not "reconcile the fee awarded with the ad litem's billing statement"); *Owens-Collins v. Drexler*, No. 01-19-00520-CV, 2020 WL 7062322, at *5 (Tex. App.—Houston Dec. 3, 2020, no pet.) (mem. op.) ("A probate court abuses its discretion in awarding fees if its ruling is arbitrary, unreasonable, made without reference to guiding legal principles, or unsupported by the evidence."). Accordingly, we reverse the judgment of the trial court awarding guardian ad litem fees in the amount of $11,500, and we render judgment awarding Harvey $11,150 as fees for his services as guardian ad litem. *See* TEX. R. APP. P. 43.2(c); *see also Jocson v. Crabb*, 196 S.W.3d 302, 311 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("We reverse the judgment of the trial court regarding the award of ad litem fees, and we render judgment that Crabb be reimbursed $2,927.75 for Crain, Caton & James's fees and $14,300 as fees for his services as guardian ad litem in this case and that no appellate fees be awarded in this case."). We sustain appellants' subissue as it relates to the $11,500 guardian ad litem fees in this regard.

### III.    APPELLATE FEES

By his sole issue, Harvey argues the trial court erred by denying his request for appellate attorney's fees.

9

In his brief, Harvey states that Sheppard "was approved by the trial court to represent Mr. Harvey in defending his guardianship fees at the Supreme Court," and that she "expended 20 hours of services in such representation." However, the work Sheppard performed is in pursuit of Harvey's *own* interests—specifically defending *his* award of guardian ad litem fees on appeal—and falls outside Harvey's role as guardian ad litem "to represent the interests of an incapacitated person." TEX. EST. CODE ANN. § 1054.051; *see also Glasser*, 297 S.W.3d at 378 (providing that an attorney ad litem "is not entitled to recover fees for representing his own interests, rather than those of his involuntary client, on appeal"). Because Harvey was representing his own interest on an appeal related solely to the dispute over his guardian ad litem fees rather than furthering the interest of the ward, we conclude that Harvey is not entitled to recover the appellate fees he incurred. *See Glasser*, 297 S.W.3d at 379 ("In defending the probate court's authorization to hire litigation counsel and its award of ad litem fees, Pena and Lopez have been protecting their own interests, not those of Mrs. Glasser. The Probate Code does not authorize compensation for fees incurred in these circumstances."); *see also Ford Motor Co. v. Aguilar*, No. 13-16-00290-CV, 2017 WL 541117, at *8 (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2017, no pet.) (mem. op.) (holding that post-conflict attorney ad litem fees appointed under the Family Code are not recoverable because they are "done in pursuit of his own interests" and "not included with his guardian ad litem['s] role"); *Sepulveda*, 2021 WL 3776749, at *3 (holding that under Rule 173, "a guardian ad litem is not entitled to recover his appellate fees"). We therefore hold, that under the

10

estates code, guardian ad litems are not entitled to earn fees for post-conflict services in pursuit of their own interests. We overrule Harvey's sole issue.

## IV.   CONCLUSION

We reverse the trial court's judgment awarding Harvey fees in the amount of $11,500, and render judgment awarding Harvey fees in the amount of $11,150. We affirm the judgment of the trial court in all other aspects.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
27th day of February, 2025.

11